# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, *et al.*, | NO. C22-5035RSL |
| Plaintiffs, | ORDER DENYING STAY |
| v. | |
| STEVEN HOBBS, *et al.*, | |
| Defendants, | |
| and | |
| JOSE TREVINO, *et al.*, | |
| Intervenor-Defendants. | |

This matter comes before the Court on "Intervenor-Defendants' Motion to Stay Proceedings." Dkt. # 97. Intervenors seek to stay all proceedings in the above-captioned matter pending resolution of *Merrill v. Milligan*, No. 21-1086 (U.S.), a case involving a vote dilution claim under Section 2 of the Voting Rights Act. Following the grant of certiorari in *Merrill*, the Supreme Court stayed a preliminary injunction order requiring Louisiana to create a remedial redistricting plan. *Ardoin v. Robinson*, 142 S. Ct. 2892 (2022). The Middle District of Louisiana cited to Robinson when staying another Section 2 case, *Nairne v. Ardoin*, No. 22-CV-0178-SDD-SDJ (M.D. La. Aug. 30, 2022). However, a three-judge panel in the Western District of Texas declined to issue a stay based on *Merrill*, *League of United Latin American*

*Citizens v. Abbott*, No. EP-21-CV-0259-DCG-JES-JVB (W.D. Tex. Apr. 22, 2022), a decision that was affirmed on appeal, *League of United Latin American Citizens v. Abbott*, No. 22-50407 (5th Cir. May 20, 2022). *Merrill* was argued before the Supreme Court on October 4, 2022. Plaintiffs and the State of Washington oppose the motion to stay, with defendant Hobbs taking no position.

While the Court has discretionary power to stay proceedings, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Having considered the memoranda of the parties and the factors discussed in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-13 (9th Cir. 2005),[1] the Court DENIES the motion to stay without prejudice to its being refiled after discovery has been completed.

Dated this 26th day of October, 2022.

Robert S. Lasnik
United States District Judge

---

[1] Among the factors and interests that must be weighed when determining whether to grant or deny a stay are (a) the possible damage which may result from the granting of a stay, (b) any hardship or inequity which may result from moving forward other than simply having to defend the pending suit, (c) the prospect of narrowing the factual or legal issues through the other proceeding, (d) whether a stay will simplify or complicate discovery, (e) the court's interest in the uniform treatment of like suits, (f) the prompt and efficient determination of pending cases, and (g) whether the other proceedings will conclude within a reasonable time in relation to the urgency of the claims presented to the court. *Lockyer*, 398 F.3d at 1110-12.