The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SUSAN SOTO PALMER et al.,

    *Plaintiffs*,

v.

STEVEN HOBBS, in his official capacity as Secretary of State of Washington, et al.,

    *Defendants*,

and

JOSE TREVINO, ISMAEL G. CAMPOS, and State Representative ALEX YBARRA,

    *Intervenor-Defendants*.

Case No.: 3:22-cv-5035-RSL

**INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE AND TRANSFER, STRIKE, AND/OR DISMISS INTERVENORS' CROSSCLAIM[1]**

## INTRODUCTION

Plaintiffs take issue with a Crossclaim that does not concern them and then wrongly accuse Intervenors of bad faith with their misguided bifurcation arguments.

Plaintiffs take Intervenors-Defendants' ("Intervenors") original statement that Intervenors did not plan to raise any new claims "today," meaning March 29, as evidence of Intervenors' bad faith in bringing the Crossclaim. (Dkt. # 105 at 1; *see* Dkt. # 57 at 11–12.) That sentiment was

---

[1] Intervenors style this brief as "Opposition" to Plaintiffs' Motion—instead of a response or reply—because the procedural posture of this issue is unclear at the moment. Intervenors filed their Amended Answer and Crossclaim in accordance with the Court's Scheduling Order, but mentioned therein that—should the Court deem it necessary for Intervenors to file leave to amend—the pleading be treated as a motion for leave to amend. (Dkt. # 103 at n.1.) It is unclear how the Court is treating the Amended Answer and Crossclaim, and, consequently, it is unclear whether Intervenors are responding to Plaintiffs' Motion or replying to Plaintiffs' Response to Intervenors' Motion for Leave.

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

1

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

expressed in good faith then, and, in similar good faith, Intervenors now recognize that things have changed. Discovery has since shown that Legislative District 15 ("LD 15") was an unconstitutional racial gerrymander as various deponents, both Commission members and their staff, made it clear that LD 15 was drawn with a +50% Hispanic/Latino CVAP as a target. Intervenors now (1) assert their Crossclaim against Defendants State of Washington and Secretary Hobbs; (2) demand a three-judge panel for Intervenors' constitutional claim; (3) seek to keep all discovery together for judicial efficiency (which Intervenors and the State have already been doing up to this point in the *Palmer* litigation); and (4) represent that plaintiff in *Garcia v. Hobbs*, No. 3:22-cv-5152 (W.D. Wash.), will dismiss that action should Intervenors' Crossclaim go forward.[2]

Plaintiffs present this Court with a strawman version of Intervenors' Amended Answer and Crossclaim. The Motion to Bifurcate and Transfer, Strike, and/or Dismiss ("Motion") Intervenors' Crossclaim is a hyperbolic misrepresentation of the Intervenors' position and is presented without the standing necessary to request much of the relief it seeks. For example, Plaintiffs wrongly state that, "at the eleventh hour, two of the three Intervenor-Defendants . . . no longer seek to defend the [redistricting] plan and have instead amended their Answer to file a crossclaim challenging LD 15's legality." (Dkt. # 105 at 2.) This oversimplistic explanation misrepresents Intervenors' position.

Intervenors *do* seek to defend the plan against claims that it violated the Voting Rights Act ("VRA") or that a VRA district is even required in the Yakima Valley. (Dkt. # 103 at 31–32) (providing affirmative defenses to Plaintiffs' claims that the redistricting plan violates the VRA.) But—as discovery has made clear—the Commission pursued a racial target for LD 15. (Dkt. # 103 at 48–51.) Intervenors Ybarra and Trevino, therefore, seek to challenge the constitutionality of the plan on the grounds that it is a racial gerrymander in violation of the Fourteenth Amendment, and Intervenors do so by crossclaiming two parties that are already defendants in this case. Simply put, Intervenors are *defending* the plan against Plaintiffs' *statutory* challenge but *attacking* the plan on

---

[2] Lead counsel for Intervenor-Defendants is also lead counsel for Plaintiffs in the *Garcia* matter.

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

2

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

*constitutional* grounds—*i.e.*, a VRA district is *not* required in the Yakima Valley, however, a new map does need to be redrawn to include a race-neutral LD 15.

The distinction between the constitutional and statutory claims is also pertinent to Intervenors' demand for a three-judge court. Intervenors make this demand only for the constitutional claim, to which they are entitled as a matter of right. *See* 28 U.S.C. § 2284. Intervenors do not demand a three-judge court to hear Plaintiffs' statutory claims; although, should the Court send all the claims to a three-judge court as a matter of judicial efficiency[3], Intervenors would welcome the decision. That said, Intervenors partially agree with Plaintiffs that the claims may be bifurcated, but only for trial purposes. The result is that this Court would hear Plaintiffs' VRA claims, and the three-judge court, which would include this Court as one of its members, would hear Intervenors' Fourteenth Amendment claim—but that discovery, primarily depositions, would be done together. This process would be made easier by keeping the Intervenors and Cross-Plaintiffs the same.

A bifurcation of discovery, however, does not make sense. Maintaining a consolidated discovery for the statutory and constitutional claims—both of which involve the State of Washington and Secretary Hobbs—will make discovery easier, more efficient, and less expensive. It will also not affect Plaintiffs because they are not Cross-Defendants. Indeed, it will require no alteration of the Court's current Scheduling Order. Plaintiffs also acknowledge that "the racial gerrymandering claim necessarily depends upon the resolution of Plaintiffs' VRA claim." (Dkt. # 105 at 2.) It is nonsensical to maintain two separate cases—this case and *Garcia*—when resolution of the claim in *Garcia* necessarily turns on the claims in this case.[4]

Intervenors oppose Plaintiffs' request to transfer Intervenors' Crossclaim to *Garcia*. First, Plaintiffs lack standing to make this request because they are not Cross-Defendants. The

---

[3] Assuming the three-judge court would include this Court, in the interest of judicial efficiency, the three-judge panel could hear the case as a whole, as both claims will largely consist of the same evidence, and then separate opinions could be issued for the statutory and constitutional claims, respectively.

[4] That said, the Supreme Court has never affirmatively held that compliance with the Voting Rights Act is sufficient to meet strict scrutiny, only that it is "assumed" to do so. *Wis. Legislature v. Wis. Elections Comm'n*, 142 S. Ct. 1245, 1248 (oer curiam) ("We have assumed that complying with the VRA is a compelling interest.").

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

3

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

Crossclaim is not against them but rather the State of Washington and Secretary of State Steve Hobbs. Plaintiffs also lack standing to request that the Court strike or dismiss Intervenors' Crossclaim for the same reason. Second, Intervenors' counsel represents that *Garcia* will be voluntarily dismissed once it is clear that this Court will allow Intervenors' Fourteenth Amendment Crossclaim to proceed in this case.

For all these reasons, the Court should deny Plaintiffs' Motion and allow Cross-Plaintiffs' Crossclaim to proceed.[5]

## ARGUMENT

### I. The Court May Bifurcate Intervenors' Crossclaim for Trial, Not for Discovery.

Partial bifurcation may[6] be warranted. This Court may handle Plaintiffs' VRA claims through trial, but a three-judge court must hear Intervenors' Fourteenth Amendment claim at trial. However, the discovery phase need not be bifurcated. Rule 42 provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims." Fed. R. Civ. P. 42(b).

It is more efficient to keep Intervenors as the racial gerrymander plaintiffs in this case instead of entertaining the various requests that Plaintiffs make (without standing). No new discovery needs to occur, other than that which would occur in the ordinary course of Plaintiffs' claims. No new parties need to be added. Instead, the process would be streamlined: All discovery would be handled by this Court for the common nucleus of the constitutional and statutory claims. Both claims concern LD 15 and its history and, therefore, should continue together until the trial phase, when the three-judge panel would hear the constitutional claim. On the other hand, full bifurcation or transfer would result in new discovery, additional expense, and delay.

---

[5] Intervenors note that Plaintiffs' instant Motion is only against Intervenors' Crossclaim and not its Amended Answer to Plaintiffs' Amended Complaint. *See* (Dkt. # 105).
[6] *See supra* n.3.

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

4

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

Here, again, Intervenors act only in good faith. Intervenors' proposal to keep *Palmer* together through discovery is intended to make the process more streamlined for all parties and the Court.

### II. Plaintiffs Lack Standing to Move to Transfer Intervenors' Crossclaim to *Garcia* or to Move Alternatively to Strike or Dismiss Intervenors' Crossclaim.

Plaintiffs are not Cross-Defendants. They are Plaintiffs for separate claims and thus only have an interest in the Court's treatment of their claims. They do not, however, have an interest in Intervenors' Crossclaim, which is between Intervenors and the State Defendants. Plaintiffs are not a party to Intervenors' Crossclaim and, thus, cannot give recommendations as to what should happen to it. Plaintiffs may move to dismiss *counterclaims* made against them, but this *crossclaim* has nothing to do with them. Both the constitutional and statutory claims, of course, share a common nucleus of fact—which warrants keeping discovery together—but Plaintiffs have no standing to seek dismissal of a claim between Intervenors and Defendants in which Plaintiffs are not named defendants. *See Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957) ("[T]he moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants."); *Simon v. Buttercreek II Homeowners Ass'n*, No. CV 21-02198 TJH (AS), 2021 U.S. Dist. LEXIS 251760, at *4–5 (C.D. Cal. Nov. 9, 2021) ("Because Simon's FDCPA claim was not asserted against Shetty, but against only Buttercreek and S.B.S., Shetty lacks standing to challenge it"); *Rucker v. Ocwen Loan Servicing, LLC*, No. 11cv1242 DMS (BGS), 2011 U.S. Dist. LEXIS 99953, at *2 n.1 (S.D. Cal. Sept. 6, 2011) ("Defendant moves to dismiss Plaintiff's TILA claim, but it is not named as a defendant on that claim. Accordingly, the Court declines to address Defendant's arguments for dismissal of that claim."); *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1006 (N.D. Cal. 2010) ("Countrywide lacks standing to seek the dismissal of a claim in which it is not named as a defendant."); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1291 (M.D. Fla. 2005) ("The Court cannot conceive how [the plaintiff] has standing to seek dismissal of Amerisure's cross-claim against

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

5

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

OneBeacon."). Plaintiffs therefore cannot request anything of this Court post-bifurcation, be that maintaining, transfer, striking, or dismissal.

In any case, there's no redundancy here. Intervenors' counsel reiterates its representation that *Garcia* will be voluntarily dismissed once it is clear that the Court will allow Intervenors' Fourteenth Amendment Crossclaim to proceed.

### III. Intervenors' Filing of Their Amended Answer and Crossclaim Is Consistent with the Practice of This Court and District Courts in the Ninth Circuit.

In the event the Court views Intervenors' Amended Answer as a motion for leave, (Dkt. # 103 at 2 n.1) the Court should grant leave. Intervenors relied on the negotiated, Court-approved Scheduling Order in this case, which permitted amendments to pleadings until November 2, 2022. (Dkt. # 93 at 1.) This was proper to do in this Circuit. *See, e.g.*, *CollegeNET, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 U.S. Dist. LEXIS 13983, at *5 (D. Or. July 14, 2004) ("[The court] allowed defendant's Amended Answer and Counterclaims to stand based on interpreting the scheduling order's express deadline to amend pleadings as obviating the need for a party to move to amend before it could file an amended pleading."); *Corona v. Athwal Almonds, Inc.*, No. 1:15-cv-01486 LJO SKO, 2016 U.S. Dist. LEXIS 45556, at *4–5 (E.D. Cal. Apr. 4, 2016) ("[I]n the interest of party and judicial economy the Court will construe Defendants' filing [of its Amended Answer] as a request for leave to amend the answer, and grant this request."); *Levy v. FCI Lender Servs.*, No. 3:18-cv-02725-GPC-WVG, 2019 U.S. Dist. LEXIS 128078, at *6 (S.D. Cal. July 31, 2019) (treating a "FAC as a motion for leave to file a FAC with a proposed FAC" where the FAC was filed within the deadline set by the scheduling order).

As with every motion and step in this case, Intervenors acted in good faith. There was no gamesmanship here, but rather a good-faith effort to bring a crossclaim based upon new information that arose in discovery—all within the bounds and timeline of the Scheduling Order. Intervenors respectfully ask the Court to recognize the timeliness of Intervenors' Amended Answer and Crossclaim.

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

6

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

Moreover, even if the Court chooses to treat Intervenors' filing as a motion for leave, it should be granted. Timely, good-faith seeking of leave to amend should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

## CONCLUSION

Intervenors ask this Court to convene a three-judge panel for Cross-Plaintiffs' racial gerrymander crossclaim as mandated by law, while keeping the statutory and constitutional claims together for discovery purposes.

DATED this 18th day of November, 2022.

Respectfully submitted,

*s/ Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA #46097
CHALMERS & ADAMS LLC
1003 Main Street, Suite 5
Sumner, WA 98390
T: (206) 207-3920
dstokesbary@chalmersadams.com

Jason B. Torchinsky *(admitted pro hac vice)*
Phillip M Gordon *(admitted pro hac vice)*
Dallin B. Holt *(admitted pro hac vice)*
Brennan A.R. Bowen *(admitted pro hac vice)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
T: (540) 341-8808
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
dholt@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

7

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Washington through the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 18th day of November, 2022.

        Respectfully submitted,

        *s/ Andrew R. Stokesbary*
        Andrew R. Stokesbary, WSBA #46097

        *Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO BIFURCATE
NO. 3:22-cv-5035-RSL

8

**Chalmers & Adams LLC**
1003 Main Street, Suite 5
Sumner, Washington 98390
PHONE: (206) 207-3920