|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| SUSAN SOTO PALMER, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>STEVEN HOBBS, *et al.*,<br><br>　　　　　　　　Defendants,<br><br>　　and<br><br>JOSE TREVINO, *et al.*,<br><br>　　　　　　　　Intervenor-Defendants. | Cause No. C22-5035RSL<br><br>ORDER DENYING<br>REQUEST FOR LEAVE TO<br>AMEND AND CONTINUING<br>TRIAL DATE |

This matter comes before the Court on the Intervenor-Defendants' request to amend their answer to add a crossclaim for declaratory and injunctive relief (Dkt. # 103 at 2 n.1)[1] and "Plaintiffs' Motion to Bifurcate and Transfer, Strike, and/or Dismiss Intervenors' Crossclaim" (Dkt. # 105). The proposed amendment challenges the constitutionality of Legislative District 15

---

[1] Federal Rule of Civil Procedure 15(a) establishes the procedure for amending pleadings before trial. The fact that the Court established a deadline for amending pleadings in the case management order does not alter that procedure. Because Intervenor-Defendants are seeking to amend their answer more than 21 days after the original pleading was served, they may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). There is no indication that plaintiffs consented to the amendment. The Court therefore construes the amended pleading as a request for leave to amend.

ORDER DENYING REQUEST
FOR LEAVE TO AMEND AND
CONTINUING TRIAL - 1

and requests the appointment of a 3-judge panel to hear the crossclaim. When the Intervenor-Defendants sought leave to intervene on March 29, 2022, they argued that intervention was necessary "because the current posture of the case lacks a true 'adversarial presentation of the issues'" and each of the three intervenors had a stake in the boundaries as drawn by the Commission. Dkt. # 57 at 2-3. Their avowed purpose was to defend the existing boundaries and make sure that any changes that came out of this litigation did not violate their equal protection rights. They specifically declined to seek a modification of the case management deadlines.

Seven months later, Intervenor-Defendants filed an amended answer adding a crossclaim which, at its heart, is based on the proposition that the existing map is an unconstitutional racial gerrymander that cannot be justified under Section 2 of the Voting Rights Act because there was no legally significant racially polarized voting at the time the new district boundaries were drawn. The claim is essentially the same one presented in *Garcia v. Hobbs*, C22-5152RSL, which was filed on March 15, 2022, by attorney Andrew Stokesbary. Mr. Stokesbary also represents the Intervenor-Defendants in this case.

Intervenor-Defendants did not file a motion for leave to amend, nor have they addressed Fed. R. Civ. P. 15 or its application in any subsequent filing. At oral argument, Intervenor-Defendants merely pointed out that amendment under Rule 15(a)(2) should be freely granted when justice so requires and that the State believes that trying the Section 2 and constitutional claims together will be more efficient and avoid the risk of conflicting judgments.

ORDER DENYING REQUEST
FOR LEAVE TO AMEND AND
CONTINUING TRIAL - 2

There is a "strong policy in favor of allowing amendment" under Rule 15 (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Having reviewed the papers submitted by the parties and the remainder of the record, the Court finds that there is strong evidence of undue delay and prejudice to non-moving parties in this case.

With regards to delay, Intervenor-Defendants have known of the alleged basis for their crossclaim since before they filed their motion to intervene. The only explanation offered for their delay in asserting the crossclaim is that discovery has confirmed that race was illegally emphasized during the redistricting process. But the discovery of additional evidence supporting a claim about which Intervenor-Defendants already knew in no way justifies a seven-month delay in asserting the claim. An unjustified delay is 'undue' for the purposes of the Rule 15 analysis. *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 2000).

With regards to prejudice, this case involves a Section 2 Voting Rights Act claim which may impact the boundaries of a legislative district and, thus, must be decided well ahead of the

ORDER DENYING REQUEST
FOR LEAVE TO AMEND AND
CONTINUING TRIAL - 3

next election cycle if plaintiffs are to obtain timely relief. *See Republican Nat'l Comm. V. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020).[2] Secretary of State Hobbs requests that there be no alteration to the current case management deadlines so that there is adequate time for a decision in this case, any appropriate appellate review, the revision of the legislative maps, adoption of the new maps, dissemination of the maps to local election officials, and implementation. Dkt. # 112. But the proposed amendment will almost assuredly require changes to the case management schedule. The nature of this case required an aggressive discovery schedule to ensure its timely resolution: discovery in this matter closed (with limited exceptions) on January 1, 2023. Motions practice and appeals related to standing and jurisdictional issues arising from the addition of a crossclaim subject to 28 U.S.C. § 2284 will likely occupy many weeks, if not months, of the time remaining before trial. Finally, even if the first two issues could be resolved or avoided, it is highly unlikely that a newly-appointed three-judge district court will be able to keep the current trial date of May 1, 2023.[3] Because introduction of Intervenor-Defendants' proposed crossclaim at this late date will introduce complicating factors and issues that will undoubtedly impact the case management schedule and would likely prevent

---

[2] Plaintiffs filed the above-captioned matter on January 19, 2022, after the Washington State Redistricting Commission had completed its redistricting tasks but before the legislature approved the amendments to the plan under RCW 44.05.100(2). Despite what might have been considered a "premature" or "early" lawsuit, their request for preliminary injunctive relief was denied because, by the time the matter was fully briefed, the date by which a revised districting plan needed to be in the hands of local election officials for the 2022 election cycle had already passed.

[3] The three-judge district court assigned to hear *Garcia* is not available on that date.

ORDER DENYING REQUEST
FOR LEAVE TO AMEND AND
CONTINUING TRIAL - 4

the resolution of plaintiffs' claims in time for the 2024 election cycle, the Court finds that the requested amendment would cause prejudice to the non-moving parties.

Finally, denying leave to amend under Rule 15 will not thwart a decision on the merits of the proposed equal protection claim. As mentioned above, that claim is already being pursued in *Garcia*, and a three-judge district court is scheduled to hear that case in June 2023.

For all of the foregoing reasons, Intervenor-Defendants' request for leave to amend their answer to add a crossclaim in the above-captioned matter (Dkt. # 103 at 2 n.1) is DENIED, and plaintiff's motion to bifurcate, transfer, strike, or dismiss the crossclaim (Dkt. # 105) is DENIED as moot. The Court finds, however, that judicial efficiency will best be served by hearing the Section 2 and the equal protection claims together on June 5, 2023, the date on which *Garcia* is currently scheduled for trial before a three-judge district court. A revised case management order will be issued in *Palmer*. At the close of evidence at the consolidated trial, the undersigned will issue a decision on the Section 2 claim, and the three-judge district court will then consider the constitutional claim. Judgments in the two matters will be issued on the same day so that the appeals, if any, can proceed together.

Dated this 20th day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING REQUEST
FOR LEAVE TO AMEND AND
CONTINUING TRIAL - 5