UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN SOTO PALMER, *et al.*,

           Plaintiffs,

     v.

STEVEN HOBBS, *et al.*,

           Defendants,

     And

JOSE TREVINO, *et al.*,

           Intervenor-Defendants.

CASE NO. 3:22-cv-05035-RSL

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO ENFORCE SUBPOENA

This matter comes before the Court on "Plaintiff's Motion to Enforce Subpoena of Jim Troyer or Alternatively to Extend Discovery Deadline for Compliance and Permit Deposition." Dkt. # 126. On December 5, 2022, plaintiffs contacted attorney Jessica Goldman, counsel for non-party legislators and legislative staff, to see if she was authorized to accept service of a subpoena duces tecum for non-party James Troyer and to inquire about Mr. Troyer's availability for a deposition. At the time, the discovery cutoff date was January 3, 2023. Ms. Goldman responded that she was authorized to accept service, but that Mr. Troyer was "on holiday leave beginning next week." Dkt. # 143-9 at 2. She suggested that her authorization to accept subpoenas was dependent on the return

dates being January 6th for the subpoena duces tecum and January 10th, 11th, 12th, or 13th for the deposition subpoena. *Id.*

Plaintiffs served the subpoena duces tecum on December 14th with a return date of January 2nd. At the time, the discovery cutoff was January 3rd. Ms. Goldman stated that she was not authorized to accept service of the subpoena, that Mr. Troyer was on vacation, and that – even if service were proper – the subpoena was untimely and unduly burdensome. Dkt. # 143-10 at 2. An amended subpoena was served on December 20th with a return date of January 6th. *Id*. Ms. Goldman then inquired as to the authority for issuing a subpoena with a return date after the close of discovery – despite being the one who had requested that the date be pushed back. Dkt. # 143-11 at 2. She memorialized her objections in a letter dated December 21, 2022, recounting the history of productions from other legislators and legislative staff, declaring that the first subpoena had not been served, that the second subpoena was not authorized under the case management order, and that plaintiffs should have sought discovery from Mr. Troyer earlier, and asserting that "[u]pon his return to the office on January 3, [Mr. Troyer] will be focusing his full attention on preparing for the legislative session which begins January 9, 2023." Dkt. # 143-12 at 4.

The parties subsequently stipulated to an extension of "all pending written discovery deadlines to January 6, 2023; and to extend the deadline to file any motions regarding discovery to January 10, 2023." Dkt. # 122 at 2.[1] Plaintiffs notified Ms. Goldman of the extension. Another attorney in Ms. Goldman's firm responded, stating for the first time that the firm was not authorized to accept service of a subpoena with a return date of January 6th and questioning whether the extension applied to a subpoena issued to a non-party. Dkt. # 143-14 at 2. Plaintiffs filed this motion to enforce the subpoena on

---

[1] There is language in the stipulation and order suggesting that the parties were primarily concerned with obtaining an extension of time in which they could respond to the discovery propounded on them by other parties. There is other language, however, that is broad enough to cover all written discovery, including that served on non-parties under Fed. R. Civ. P. 45.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA - 2

January 10th. When the Court issued a new case management order setting February 5th as the new discovery deadline, plaintiffs notified Ms. Goldman of the change, they inquired whether Ms. Goldman was authorized to accept service of a new subpoena with a return date of February 5th, and they requested dates of availability for deposition prior to February 5th. Dkt. # 143-17. There is no indication that Ms. Goldman responded.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties, Mr. Troyer's objections to the subpoena duces tecum are overruled. Plaintiffs properly served the original subpoena on December 14th, giving Mr. Troyer more than two weeks to collect and produce responsive documents. Discovery was on-going and the subpoena was in compliance with the then-existing case management order. Ms. Goldman's authorization to accept service on Mr. Troyer's behalf did not evaporate simply because the subpoena had a return date that was not dictated by the witness. If additional time were needed to compile a response, Mr. Troyer could – and did – request an extension. Plaintiffs would have been within their rights to insist on compliance with the original subpoena and will not be penalized for attempting to accommodate Mr. Troyer's vacation schedule. As the discovery period was extended, first by agreement of the parties and then by order of the Court, Mr. Troyer's insistence that the subpoena was somehow untimely became less and less reasonable. Finally, Mr. Troyer's claim of undue burden is unsupported. Subpoenas of similar reach and scope have been served without objection, the discovery seeks documents specific to Mr. Troyer regarding his involvement with these lawsuits, and the testimony of Jose Trevino is not an adequate substitute for Mr. Troyer's documents.

      With regards to the request to depose Mr. Troyer, plaintiffs are not entitled to enforce compliance with a subpoena that was never served.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA - 3

For all of the foregoing reasons, plaintiffs' motion to enforce the subpoena duces tecum issued to Mr. Troyer is GRANTED, but their request to take his deposition is DENIED. Mr. Troyer shall produce responsive documents within fourteen days of the date of this Order.

Dated this 28th day of February, 2023.

*(signature)*
Robert S. Lasnik
United States District Judge