The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, et. al., <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVEN HOBBS, et. al., <br><br> *Defendants*, <br><br> and <br><br> JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA, <br><br> *Intervenor-Defendants*. | Case No.: 3:22-cv-05035-RSL <br><br> Judge: Robert S. Lasnik <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION REGARDING TRIAL SCHEDULE** <br><br> NOTE FOR MOTION CALENDAR: May 10, 2023 |

A number of things have changed since Plaintiffs filed their motion for clarification and bifurcation, but one thing has not—Plaintiffs cannot adequately present their case in the 10.5 hours proposed by the State and Intervenor Defendants/*Garcia* Plaintiff. But before discussing that further, the Court should be aware of critical developments that bear on the sequencing and resolution of the claims in this case.

First, the parties have exchanged draft Pretrial Statements, as the Local Rules require, and on Thursday, May 4, the State of Washington, for the first time in this litigation, stated the following position with respect to Plaintiffs' Section 2 *results* claim:

> Based on the conclusions of the State's expert, the other record evidence, and factual findings in relevant VRA cases, the State of Washington cannot and does

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

1

not intend to dispute at trial that *Soto Palmer* Plaintiffs have satisfied the three *Gingles* preconditions for pursuing a claim under Section 2 of the VRA based on discriminatory results. Based on the same evidence, the State cannot and does not dispute that the totality of evidence test likewise favors the *Soto Palmer* Plaintiffs' claim based on discriminatory results.

The State continues to dispute Plaintiffs' Section 2 discriminatory *intent* claim.

Second, also on May 4, the Governor called a special session of the legislature to commence on May 16, 2023, which by law can last 30 days. The legislature is not otherwise scheduled to reconvene until January 8, 2024.

**I.     Plaintiffs' Section 2 discriminatory results claim should be bifurcated and a hearing held promptly to permit the Legislature an opportunity to determine whether to propose a remedy map.**

In light of the State's new position with respect to Plaintiffs' Section 2 discriminatory results claim and the legislature's imminent special session, Plaintiffs' Section 2 discriminatory results claim should be bifurcated and set for trial at the Court's earliest available date, preferably in advance of the June 5 trial setting. The only defendants in this case with any governmental authority or interest in defending state law—the Secretary of State and the State of Washington— have now both concluded that they cannot and will not dispute liability as to Section 2 discriminatory results. Although the Intervenor-Defendants—three individuals (only one of whom actually resides in LD15)—maintain their opposition, this Court has already concluded that they lack a "legally cognizable interest" in the resolution of this case. Dkt. 69 at 5. They are here only on permissive intervention, and have no standing in this case.

Given these new developments, Plaintiffs believe a 2-day trial on their discriminatory results claim in advance of the June 5 trial setting should, if the Court's calendar permits, be conducted. Plaintiffs' counsel conferred with the other parties on this proposal. Counsel for Defendant State of Washington indicated that the State does not take a position on the proposal at

this time. Counsel for Defendant Secretary Hobbs indicated that the Secretary takes no position at this time. Counsel for Intervenor-Defendants indicated that they oppose the proposal.

The Court should advance the trial on the Section 2 result claim for several reasons.

*First*, although the governmental defendants do not dispute liability, the Court must still hear the evidence and the Intervenor-Defendants should have the opportunity to call their expert witness and otherwise be heard to oppose Plaintiffs' claim. But because the government defendants are not disputing liability, Plaintiffs believe the Section 2 results claim can be heard in a 2-day trial setting because on this claim they face only one opposing party. This will provide time for the Court to hear direct and cross-examination from Plaintiffs' two *Gingles* and totality-of-circumstances experts, any relevant lay witnesses, and Intervenor-Defendants' expert witness (whose opinions are limited to a subset of *Gingles* issues). Moreover, given Intervenor-Defendants' commitment not to object to exhibits, *see* Dkt. 180, the Court will likewise be able to admit the relevant documentary evidence. Plaintiffs are confident a 2-day setting will adequately permit the Court to hear the evidence on their Section 2 discriminatory results claim under these circumstances.

*Second*, should the Court agree with Plaintiffs and the State that Plaintiffs have established a Section 2 discriminatory results violation, the legislature must be afforded the opportunity to determine whether to take action that could lead to an officially adopted plan for the State to submit to this Court as a proposed remedy.[1] *See, e.g.*, *Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120964, at *4 (E.D. Wash. Feb. 17, 2015). The legislature is in special session for up to 30 days beginning May 16, 2024, but is not scheduled to be in session again until January 8,

---

[1] *See* Wash. Const. art. II, § 43(8).

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

3

2024. If the Court is able to issue a decision in the first half of this 30-day special session, the legislature would have adequate time to determine whether to take action that would result in an official proposed remedial plan by the State. The currently scheduled June 5 trial setting would not likely provide sufficient time for the legislature to respond to a decision by the Court. Although the Governor could certainly call an additional special session should the Court issue a decision at a later date, it makes sense to take advantage of the imminently scheduled session to minimize the burden on the legislature if the Court is able to issue a decision in that timeframe.

*Third*, as Plaintiffs have repeatedly emphasized—and as was the originally planned sequence of the *Soto Palmer* and *Garcia* trials—it makes sense to resolve Plaintiffs' Section 2 discriminatory results claim before the *Garcia* racial gerrymandering claim. The constitutional avoidance principle dictates that "a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 846 (9th Cir. 2009). If the Court agrees with Plaintiffs and the State as to Plaintiffs' Section 2 results claim, then the *Garcia* case will be moot and there will be no reason to waste the time of Chief Judge Estudillo (who is hearing a separate trial that would otherwise continue during the week of June 5 were it not for this trial setting) and Judge VanDyke (who undoubtedly has a busy appellate docket). A 2-day trial in the coming weeks will permit this Court the ability to reach a decision in advance of the currently scheduled trial and likely preserve scarce judicial resources.

Requiring two additional federal judges to attend a week-long trial makes little sense given that the only parties defending against Plaintiffs' Section 2 results claim are private citizens with no legally protectable interest in this case. *See* Dkt. 69 at 5; *see also Hollingsworth v. Perry*, 570 U.S. 693, 704-05 (2013) (holding that non-governmental intervenor-defendants have no standing to appeal decision invalidating state law because no injunction ran against them and they only

sought to advance a generalized interest in their preferred interpretation of the law); *Republican Nat'l Comm. v. Common Cause of Rhode Island*, 141 S. Ct. 206 (2020) (Mem.) (denying stay of order affirming consent decree between Rhode Island officials and plaintiffs because "no state official has expressed opposition" and intervenor RNC "lack[s] a cognizable interest in the State's ability to enforce its duly enacted laws") (internal quotation marks omitted).

*Fourth*, the circumstances surrounding Intervenor-Defendants, the *Garcia* Plaintiff, and their counsel make it especially unwarranted to needlessly consume the schedules of three federal judges (and consume Plaintiffs' trial time, *see infra* Part II), when this case can and should be resolved on other grounds. The *Garcia* lawsuit was conceived, and its plaintiff and legal counsel recruited, by Commissioner Paul Graves—who was primarily responsible for drawing LD15 and who has testified that he does not think the *Garcia* case he launched has merit. He has testified that he did this solely to frustrate resolution of the *Soto Palmer* Plaintiffs' Section 2 claims in this case. Dkt. 127-3 at 203:16-204:3, 205:8-13. This Court has found Mr. Garcia—by dramatically altering his deposition testimony in order to benefit his legal counsel in the face of the State's motion for inquiry as to their adherence to the rules of professional responsibility—to have submitted "sham" testimony to this Court. Dkt. 173 at 3. There is no reason to require three federal judges to hear a moot claim under these circumstances.

II.     **Under no circumstances is a five-day trial sufficient to adjudicate both the *Soto Palmer* and *Garcia* cases.**

Plaintiffs will be seriously prejudiced and unable to adequately present their case if they are limited to a five-day trial with only a third of the allotted time. While Plaintiffs agree to *some* of the ideas proposed by the Respondents (*e.g.*, waiver of opening, admission of expert reports,

the ability of parties to designate certain deposition transcripts, and liberal admission of exhibits),[2] these are measures that are undertaken in most all redistricting bench trials. These measures will not suffice to afford Plaintiffs adequate time to present two legal claims, one of which is extraordinarily fact intensive, and which will call upon this Court to make credibility determinations about witnesses in live testimony as to the existence of a discriminatory intent to dilute Latino voting strength. Plaintiffs are not aware of any other litigation of this nature with such a condensed schedule. As one example, counsel for Plaintiffs and counsel for Intervenor Defendants/*Garcia* are also opposing counsel in a case pending in the Southern District of Texas challenging the redistricting of a single county commissioner district in Galveston County, Texas. That case involves the same legal claims as this case—Section 2 discriminatory results, discriminatory intent, and racial gerrymandering—and is set for a two-week trial beginning August 7. As another example, Plaintiffs' counsel has a 5-day trial scheduled in North Dakota federal court the week of June 12 where the only claim is a Section 2 discriminatory results claim regarding a single state legislative district.

There is simply no way that Plaintiffs can present their *Gingles* and totality-of-circumstances experts, their lay witnesses in support of their discriminatory results claim, and adequately carry their burden to prove discriminatory intent by conducting live examinations of

---

[2] Plaintiffs do not agree to all the proposals. For example, Plaintiffs bear the burden of proof and should not be prevented from having direct examinations of their expert witnesses. The *Garcia* and *Soto Palmer* cases are not consolidated, are pending before different district courts, involve different burdens of proof and legal standards, would be appealed (if at all) to different courts, and should not be treated as if they are to produce a single combined record. The parties should not be provided equal time, as Plaintiffs are advancing two of the three claims in this case. And the *Garcia* Plaintiff, who has only one legal claim, should ask the first questions of each witness so that the *Soto Palmer* Plaintiffs are not required to spend their scarce time on introductory and foundational questions to introduce the witnesses to the Court.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

6

the relevant fact witnesses in the 10.5 hours that Respondents propose. For example, Respondents agree that eight witnesses—the Commissioners and their main staffers—must testify live. Plaintiffs likewise agree. But for Plaintiffs to show that these Commissioners and their staffers acted with discriminatory intent, Plaintiffs also intend to present live testimony from other witnesses involved in the process. Plaintiffs' discriminatory intent case will require credibility determinations by the Court about *why* the Commissioners acted as they did. Plaintiffs will not be able to rely upon the questioning by Intervenor Defendants/*Garcia* counsel to prove their case, because the legal standards and burdens are different, and Intervenor Defendants (and the State) *oppose* their intentional discrimination claim.[3]

Moreover, an equal division of time is not equitable. The *Garcia* case involves a single Plaintiff (whose testimony this Court has labeled a "sham"), a single claim, and a claim the *Garcia* counsel apparently believe can largely be adjudicated by emails and undisputed facts. Dkt. 180 at 3. This approach is not surprising, considering that the genesis of the *Garcia* case suggests that invalidation of the map is not even the true goal of *Garcia* case. Moreover, no expert witnesses were disclosed in the *Garcia* case, so only fact witnesses will be examined in that matter. On the other hand, Plaintiffs raise two legal claims, one of which requires fact-intensive proof of discriminatory motive, and they very much wish to attain invalidation of the map. There are two experts for Plaintiffs, one for the State, and one for the Intervenors Defendants who need to be

---

[3] Plaintiffs' estimation of a streamlined 2-day trial on the Section 2 results claim alone, *see supra* Part I, illustrates this. It will not be physically possible to hear from the eight Commissioners and staff, plus the additional lay witnesses, with examinations and cross examinations from three parties raising contradictory legal claims, evidentiary burdens, and defenses in the remaining three days for the discriminatory intent and racially gerrymandering claims. These three claims simply cannot all be heard in five days with this many parties participating.

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

7

examined and cross-examined in Plaintiffs' case. Plaintiffs' trial time should not be consumed by another plaintiff whose counsel is simultaneously seeking to defend the map.

This Court will hear a seriously abridged version of the evidence if Plaintiffs are as limited as Respondents propose. And there is no reason to limit Plaintiffs simply because of the difficulty in scheduling additional days before a three-judge court that has no jurisdiction over Plaintiffs' legal claims.

### III. If the Court does not hear Plaintiffs' Section 2 results claim prior to June 5, it should allow Plaintiffs additional trial days before Judge Lasnik after the current trial dates.

In Plaintiffs original motion, we suggested—in part because of the then-stated unavailability of various Commissioners—that the Court first hear the discriminatory results claim the week of June 5 and reschedule the intent and *Garcia* claims for later this summer. Above, Plaintiffs present what they believe to be the most sensible option in light of the State's newly stated position and the logical sequencing of the claims in this case—hearing the results claim in advance of June 5, which could likely moot the need for the June 5 trial setting altogether. If the Court's calendar does not permit that option, then Plaintiffs propose that the *Garcia* case proceed the week of June 5, with the *Garcia* Plaintiffs calling all the witnesses they intend to for their case. The *Soto Palmer* Plaintiffs could then ask whatever questions they have of those witnesses at that time to ensure that witnesses are not required to testify in these matters more than once. The *Garcia* Plaintiffs could then rest their case and the State could present its defense, and the record in *Garcia* could then close. If trial time remains that week, the *Soto Palmer* Plaintiffs could proceed before Judge Lasnik, or if no days remain or more days are needed, the *Soto Palmer* case could continue

for additional trial days subsequently set before Judge Lasnik after the week of June 5.[4] This option would minimize the demands on witnesses while ensuring that Plaintiffs are allowed adequate time to present their case. When asked at the party's conference call if there was any basis to oppose this suggestion, counsel for the State and Intervenor-Defendants identified no concrete objection other than the need for counsel to participate in the trial for additional, nonconsecutive days.

Under no circumstances should Commissioner Graves's stated goal of frustrating Plaintiffs' ability to prosecute their VRA claims through the presence of a legal claim he admits has no merit be allowed to succeed by jamming Plaintiffs into only 10.5 hours of trial time.

Dated: May 10, 2023

By: /s/ Edwardo Morfin

| | |
|---|---|
| Chad W. Dunn* | Edwardo Morfin |
| Sonni Waknin* | WSBA No. 47831 |
| UCLA Voting Rights Project | Morfin Law Firm, PLLC |
| 3250 Public Affairs Building | 2602 N. Proctor Street, Suite 205 |
| Los Angeles, CA 90095 | Tacoma, WA 98407 |
| Telephone: 310-400-6019 | Telephone: 509-380-9999 |
| Chad@uclavrp.org | |
| Sonni@uclavrp.org | Annabelle E. Harless* |
| | Campaign Legal Center |
| Mark P. Gaber* | 55 W. Monroe St., Ste. 1925 |
| Simone Leeper* | Chicago, IL 60603 |
| Aseem Mulji* | aharless@campaignlegal.org |
| Benjamin Phillips* | |
| Campaign Legal Center | Thomas A. Saenz* |
| 1101 14th St. NW, Ste. 400 | Ernest Herrera* |
| Washington, DC 20005 | Leticia M. Saucedo* |
| mgaber@campaignlegal.org | Mexican American Legal Defense |
| sleeper@campaignlegal.org | and Educational Fund |
| amulji@campaignlegal.org | 643 S. Spring St., 11th Fl. |
| bphillips@campaignlegal.org | Los Angeles, CA 90014 |
| | Telephone: (213) 629-2512 |

---

[4] Counsel for the *Soto Palmer* Plaintiffs—and at least one of their expert witnesses—are not available the following week of June 12. But Plaintiffs are available the subsequent weeks of June or in July.

PLAINTIFFS' REPLY IN SUPPORT OF        9
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

1    *Admitted pro hac vice            tsaenz@maldef.org
                                                                            eherrera@maldef.org

2    *Counsel for Plaintiffs*             lsaucedo@maldef.org

PLAINTIFFS' REPLY IN SUPPORT OF        10
MOTION FOR CLARIFICATION REGARDING
TRIAL SCHEDULE

**CERTIFICATE OF SERVICE**

I certify that all counsel of record were served a copy of the foregoing this 10th day of May, 2023 via the Court's CM/ECF system.

*/s/ Edwardo Morfin*

Edwardo Morfin
WSBA No. 47831
Morfin Law Firm, PLLC
2602 N. Proctor Street, Suite 205
Tacoma, WA 98407
Telephone: 509-380-9999