The Hon. Robert S. Lasnik

In The United States District Court
For The Western District Of Washington

Susan Soto Palmer, *et al.*,

    *Plaintiffs*,

v.

Steven Hobbs, in his official capacity as Secretary of State of Washington, and the State of Washington;

    *Defendants*,

and

Jose Trevino, Ismael G. Campos, and Representative Alex Ybarra,

    *Intervenor-Defendants*.

No. 3:22-cv-5035-RSL

Non-Party Legislators' Statement In Response To Court Order

## I. Introduction

Non-parties Senate Minority Leader John Braun and House Deputy Minority Leader Mike Steele ("Minority Caucus Leaders") file this Statement with the Court regarding their ongoing efforts to negotiate with legislators of both parties to call a special session of the Washington Legislature ("Legislature") for the purpose of reconvening the Washington State Redistricting Commission ("Commission") pursuant to Wash. Const. Art. II, § 43(8).

The Minority Caucus Leaders understand that they are not parties to the above-captioned case, but disagree with the recent contention to the Court by Defendant State of Washington ("State") that "it appears clear that the Legislature will not return for a special session, and the Redistricting Commission will not be reconstituted." Dkt. No. 225 at 2.

Non-Party Legislators' Statement - 1

*Palmer v. Hobbs*, No. 3:22-cv-5035-RSL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Counsel for the State does not represent the Legislature or any member of the Legislature, including the Minority Caucus Leaders or any member of their caucuses. Accordingly, the Minority Caucus Leaders are filing this Statement with the Court to ensure their position and ongoing efforts to negotiate a legislative resolution are not properly presented.

## II. Statement

On August 10, 2023, the Court released its Memorandum of Decision in this case. *See* Dkt. No. 218. That decision gave the State "an opportunity to adopt revised legislative district maps for the Yakima Valley region pursuant to the process set forth in the Washington State Constitution and state statutes" by February 7, 2024, with the Commission's revised map functionally due to the Legislature by January 8, 2024. *Id.* at 32.

While the Court has evidently taken judicial notice (*see* Dkt. No. 224) of statements by Senate Majority Andy Billig and Speaker of the House Laurie Jinkins regarding "their decision not to meet in special session to reconvene the redistricting commission," Press Release, Sen. Andy Billig & Rep. Laurie Jinkins, *Leader Billig, Speaker Jinkins Call for Non-Partisan Process for VRA-Compliant Legislative District in Yakima Valley* (Sept. 13, 2023), *available at* https://housedemocrats.wa.gov/jinkins/2023/09/13/leader-billig-speaker-jinkins-call-for-non-partisan-process-for-vra-compliant-legislative-district-in-yakima-valley/, the Minority Caucus Leaders respectfully remind the Court that such a decision is not theirs alone to make.

There are 98 members of the Washington State House of Representatives and 49 members of the Washington State Senate. *See* RCW 44.05.090(4). A special session of the Legislature may be convened by "the affirmative vote in each house of two-thirds of the members elected or appointed thereto," Wash. Const. Art. II, § 12(2), pursuant to a process established by the Joint Rules of the 68th Legislature, *see* H. Con. Res. 4401, 68th Leg., 2023 Reg. Sess. Rule 29 (Wash. 2023). A two-third vote of legislators in each chamber is also required to reconvene the Commission. *See* Wash. Const. Art. II, § 43(8); RCW 44.05.120(1). Thus, it will be up to 66 Representatives and 33 Senators to decide whether to convene a special session of the Legislature

Non-Party Legislators' Statement - 2

*Palmer v. Hobbs*, No. 3:22-cv-5035-RSL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

and reconvene the Commission, not any one caucus leader. Caucus leaders, including the Minority Caucus Leaders, are typically elected by their members to represent them, not to dictate to them.

In light of this numerical reality, shortly after the Court's decision in this case, the Minority Caucus Leaders began to engage in discussions with a multitude of legislators, both from their own caucuses and from the respective majority caucuses, regarding the Legislature's next steps. In its decision, the Court provided until as late as January 8, 2024 for the Legislature to reconvene the Commission, *id.* at 32, and the Minority Caucus Leaders have been engaging in their deliberations with this deadline in mind.

As the Court surely understands, the deliberative process can be messy. The Court need look no further than the Commission's own negotiations in the fall of 2021 for a recent example of this—where the four voting Commissioners published their own proposals in September, two of them published modified proposals in October, and all four finally agreed to a consensus map (which bore little resemblance to any of the six publicly-released proposals) literally seconds before the November 15 deadline. (*See, e.g.*, Dkt. No. 212 at 10-16.) As this example shows, and as the Minority Caucus Leaders have learned from their own experience, bipartisan agreements can often be forged in the crucible of a deadline, even if negotiators had previously appeared far apart.

Thus, the Minority Caucus Leaders believe it would be premature for the Court to suddenly alter its remedial process less than two months into the five-month period originally allotted, particularly on the basis of out-of-court statements by just two of the Legislature's 147 members. To do so would severely undercut the bipartisan spirit imbued in Washington's redistricting process. Much could happen over the next several months—for example, public pressure could mount on legislators to reconvene the Commission, supporters of a reconvened Commission could agree to certain parameters as a condition for reconvening the Commission, or opponents of reconvening the Commission could agree to do so in exchange for concessions on other legislative priorities of theirs—and the Court should ensure legislators have sufficient time to engage in their legislative deliberations before assuming the Legislature has deadlocked.

Non-Party Legislators' Statement - 3

*Palmer v. Hobbs*, No. 3:22-cv-5035-RSL

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### III. Conclusion

For these reasons, the Minority Caucus Leaders strongly disagree with the State's bald assertion that "the Legislature will not return for a special session, and the Redistricting Commission will not be reconstituted." Dkt. No. 225 at 2. Instead, the Minority Caucus leaders want the Court to know they are diligently working with legislators on both sides of the aisle to find a path toward reconvening the Commission.

"[R]eapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court." *Chapman v. Meier*, 420 U.S. 1, 27 (1975) (citing *Reynolds v. Sims*, 377 U.S. 533, 586 (1964); *Md. Comm. for Fair Representation v. Tawes*, 377 U.S. 656, 676 (1964)). And as the Court is surely aware, the Commission is the *sole* method for "chang[ing] or establish[ing]" legislative districts under Washington's constitution. *See* Wash. Const. Art. II, § 43(11).[1]

Therefore, the Minority Caucus Leaders believe that every opportunity should be provided to the Legislature before the Court takes over the redistricting process, including allowing legislative efforts to continue for the full period originally allotted by the Court's decision in this case. *See* Dkt. No. 218 at 32.

///
///
///
///
///
///
///
///

---

[1] This constitutional amendment was approved by over 60 percent of Washington voters when placed on the ballot. *See* Washington Secretary of State, November 1983 General Election Results, *available at* https://www.sos.wa.gov/elections/results_report.aspx?e=&c=&c2=&t=&t2=&p=&p2=103&y=1983.

Non-Party Legislators' Statement - 4

*Palmer v. Hobbs*, No. 3:22-cv-5035-RSL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1 | September 29, 2023.

 	 	Ard Law Group PLLC

 	By: _____
 	Joel B. Ard, WSBA # 40104
 	P.O. Box 11633
 	Bainbridge Island, WA 98110
 	206.701.9243
 	Joel@Ard.law
 	Attorneys For Non-Party Legislators Braun and Steele

Non-Party Legislators' Statement

Palmer v. Hobbs, No. 3:22-cv-5035-RSL

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243