The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>STEVEN HOBBS, et al.,<br><br>   Defendants,<br><br>   and<br><br>JOSE TREVINO, et al.,<br><br>   Intervenor–Defendants. | NO. 3:22-cv-5035-RSL<br><br>DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO STAY PROCEEDINGS<br><br>NOTE FOR MOTION CALENDAR: November 24, 2023 |

## I. INTRODUCTION

This is Intervenor–Defendants' third attempt to stay this case, Dkts. # # 97, 123, 232, and the Court should deny this one just as it has the others. Following a thorough trial on the merits in which Intervenor-Defendants had every opportunity to make their case, this Court concluded that Legislative District 15 (LD 15) discriminated against Plaintiffs and other Latino voters in the Yakima Valley area by denying them the ability to elect candidates of their choice. Granting a stay would mean that the very district this Court has already deemed illegal would be used again for the 2024 election. Intervenor-Defendants bear the burden of justifying that drastic relief, and they come nowhere close. Their motion fails even to address many of the relevant

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO STAY
NO.3:22-CV-5035-RSL

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

factors to justify a stay, so their request should be denied on that basis alone. *See generally* Dkt. # 232 (ignoring irreparable harm). They cannot satisfy any of the factors in any event. They can show no likelihood of success on appeal (much less a strong showing), they cannot show they will suffer irreparable injury, and their purported concerns about "judicial comity and efficiency," Dkt. # 232 at p. 3, cannot outweigh the interests of Plaintiffs and voters in LD 15 in a map that complies with the Voting Rights Act. The Court should deny the stay and continue its remedial process.

## II.     LEGAL STANDARD

A stay pending appeal is "an exercise of judicial discretion," not a "matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In order to carry this burden here, Intervenor–Defendants must (1) make "a strong showing" that they are likely to succeed on the merits and (2) demonstrate that they will be irreparably injured absent a stay. *See id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Intervenor–Defendants must also show that (3) a stay will not "substantially injure . . . other parties interested in the proceeding[s]" and (4) the public interest favors a stay. *See id.* (quoting *Hilton*, 481 U.S. at 776).

Intervenor–Defendants also base their stay request on the appellate proceedings in *Garcia v. Hobbs*. The framework for evaluating a request for a stay because of another pending case must look at (1) the possible damage from granting a stay, (2) the hardship a party may suffer in being required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from . . . stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO STAY
NO.3:22-CV-5035-RSL

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

### III.    ARGUMENT

Intervenor–Defendants fail to demonstrate any of the factors needed to justify a stay. The State defers to Plaintiffs to address Intervenor–Defendants' likelihood of success on appeal and the harms to Plaintiffs, and makes three arguments regarding Intervenor–Defendants' motion:

First, irreparable harm stands as the "bedrock requirement" of a stay pending appeal. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (per curiam). Intervenor–Defendants' interests in judicial economy do not rise to the irreparable harm threshold. Intervenor–Defendants raise the possibility that any future remedial map would "require[] more racial sorting," Dkt. # 232 at p. 11. But this line of argument has already been rejected by the Supreme Court. *See Allen v. Milligan*, 599 U.S. 1, 32–33 (2023) ("The contention that mapmakers must be entirely 'blind' to race has no footing in our § 2 case law.").

Second, a stay of the remedial process will harm the public interest. A stay will force LD 15 voters to vote in a legislative district this Court has determined violates federal law. No subsequent relief could redress that harm.

Third, while § 2 claims are "fact- and resource-intensive inquiries," Dkt. # 232 at p. 11, the bulk of those resources have already been expended—culminating in a trial with 15 live witnesses and 18 more via deposition, with multiple experts, and over 500 admitted exhibits. Having the parties participate in a deliberate, informed evaluation of remedial map proposals to comport with the VRA does not impose harm.

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO STAY
NO.3:22-CV-5035-RSL

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## IV. CONCLUSION

The State respectfully requests the Court deny Intervenor–Defendants' Motion to Stay.

DATED this 20th day November 2023.

ROBERT W. FERGUSON
Attorney General

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA No. 49515
ERICA R. FRANKLIN, WSBA No. 43477
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
andrew.hughes@atg.wa.gov
erica.franklin@atg.wa.gov

CRISTINA SEPE, WSBA No. 53609
Deputy Solicitor General
1125 Washington Street SE
Olympia, WA 98504
(360) 753-6200
cristina.sepe@atg.wa.gov

*Attorneys for the State of Washington*

I certify that this memorandum contains 782 words, in compliance with the Local Civil Rules.

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO STAY
NO.3:22-CV-5035-RSL

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 20th day of November 2023, at Seattle, Washington.

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA No. 49515
Assistant Attorney General

---

DEFENDANT STATE OF
WASHINGTON'S OPPOSITION TO
INTERVENOR–DEFENDANTS' MOTION
TO STAY
NO.3:22-CV-5035-RSL

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744