**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

SUSAN SOTO PALMER, *et al*.,

Plaintiffs,

v.

STEVEN HOBBS, *et al*.,

Defendants,

and

JOSE TREVINO, *et al*.,

Intervenor-Defendants.

NO. C22-5035RSL

ORDER DENYING EMERGENCY MOTION TO STAY PROCEEDINGS

This matter comes before the Court on "Intervenor-Defendants' Emergency Motion to Stay Proceedings." Dkt. # 232. Three months after the Court entered judgment in this matter, two months after Intervenor-Defendants filed their notice of appeal, and less than one month before alternative remedial maps are due, Intervenor-Defendants filed an emergency motion to stay.[1] They essentially argue that the parties should not be required to participate in post-trial remedial activities because the United States Supreme Court (1) may grant the writ of certiorari Intervenor-Defendants filed in this case, (2) may stay consideration of this case pending resolution of a related case, *Garcia v. Hobbs*, O.T. 2023, No. 23-467, (3) may find

[1] Intervenor-Defendants filed two pre-trial motions to stay that were based on the fact that *Allen v. Milligan*, 599 U.S. __, 143 S. Ct. 1487 (2023), was then pending before the United States Supreme Court and might impact the analysis of a vote dilution claim under Section 2 of the Voting Rights Act. Both motions were denied.

that *Garcia* was wrongly decided and remand to the three-judge panel for further proceedings, (4) may continue to hold this case in abeyance while the three-judge panel determines *Garcia* on the merits, and (5) may ultimately side with the Intervenor-Defendants in both this case and *Garcia*. Intervenor-Defendants provide no estimate of how long the requested stay would be in place, nor do they acknowledge that failure to create remedial maps in the next few months will, as plaintiffs proved at trial, deprive plaintiffs of their voting rights in the next election cycle.

The Court has discretionary power to stay proceedings, but the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936). Having considered the memoranda of the parties, the irreparable harm that would result from the requested stay, the minimal hardship that will result from moving forward with the remedial process, the failure to show a reasonable probability of success on appeal, the public's interest in the timely resolution of disputes regarding legislative districts, and the undefined length of the delay in relation to the urgency of the claims presented, *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109-13 (9th Cir. 2005), the Court DENIES the emergency motion to stay.

Dated this 27th day of November, 2023.

Robert S. Lasnik
United States District Judge