The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, et. al., | Case No.: 3:22-cv-05035-RSL |
| *Plaintiffs*, | Judge: Robert S. Lasnik |
| v. | **PARTIES' JOINT SUBMISSION OF PROPOSED SPECIAL MASTER CANDIDATES** |
| STEVEN HOBBS, et. al., | |
| *Defendants*, and | |
| JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA, | |
| *Intervenor-Defendants*. | |

## BACKGROUND

On October 4, 2023, this Court issued an order directing the Parties to "confer regarding nominees to act as Special Master to assist the Court" in assessing and modifying as necessary the remedial district maps to be submitted by the parties. Dkt. # 230 at 2. "In the event the parties are unable to reach agreement" on a remedy map, among other things, the court further ordered that the parties "jointly identify three candidates for the Special Master position" and that the parties provide their respective positions on each candidate. *Id.* at 2-3. Pursuant to that Order, the Parties held a meet-and-confer on November 16, 2023, and were unable to reach an agreement on a remedy map, and now, pursuant to the Order of the Court jointly submit this filing with their respective nominees and positions.

Plaintiffs, the State of Washington, and Intervenor-Defendants have each identified one candidate and have provided their positions on the other two candidates. Secretary of State Hobbs takes no position on the candidates.

## NOMINATIONS

**A. Plaintiffs' Nomination: Mr. David Ely, Compass Demographics**

Mr. David Ely is the President and Founder of Compass Demographics, a consulting and database management firm that specializes in election data, redistricting, demographic analysis, and voter behavior. Ex. A (Ely CV). In 2023, Mr. Ely served as the cartographer on the special master team in the Northern District of Alabama in *Milligan v. Allen*, and in 2019 was selected to serve as a special master in the Middle District of Louisiana in *Terrebonne Parish NAACP et al vs. Governor of Louisiana*. *Id.* at 4. In *Allen*, the court noted that no party objected to Mr. Ely's appointment. *Singleton v. Allen*, No. 2:21-CV-1291-AMM, 2023 WL 6567895, at *5, *7-*9 (N.D. Ala. Oct. 5, 2023). The court ultimately adopted the map that Mr. Ely had drawn and analyzed. *Id.* at *17.

Mr. Ely has also served as an expert and testified on behalf of both plaintiffs and defendant jurisdictions in voting-rights litigation, as well as for the United States. He has more than three decades of experience researching and consulting on redistricting and elections matters, including serving as a consultant or expert witness in over 40 voting rights and redistricting cases. Ex. A at 4-5. Mr. Ely has also assisted more than 40 state and local jurisdictions as a consultant during their redistricting processes on matters ranging from database construction and demographic and voter analysis to the development of districting plans and analysis of alternative redistricting plans. *Id.* at 1-3. He has extensive experience managing redistricting projects, analyzing voting behavior, and working with demographic data.

Mr. Ely's CV is attached as Exhibit A, and an affidavit stating his interest and availability is attached as Exhibit B.

**State of Washington's position on Mr. Ely:**

The State believes that David Ely is an excellent candidate to serve as a special master. As the three-judge court noted in appointing Mr. Ely as a cartographer in *Milligan v. Allen*, "Mr. Ely has extensive experience as a map-drawer, consultant, and expert on districting plans. He has drawn maps and provided expert consulting services for cities, counties, and other legislative bodies in Texas, California, Utah, Pennsylvania, Ohio, Massachusetts, and Illinois. He has also previously recommended remedial plans to a federal district court to remedy a Voting Rights Act in his capacity as a special master in a redistricting case in Louisiana. Based on the current information before the Court, the Court finds David R. Ely well qualified to serve as the Court's cartographer in this case." ECF No. 204, *Milligan v. Allen*, Case No. 2:21-cv-1530-AMM (N.D. Ala., Aug. 2, 2023); *see also* ECF No. 385, *Terrebonne Parish Branch NAACP vs. Piyush "Bobby" Jindal*, Case No, 3:14-cv-00069-SDD-EWD (M.D. La., Mar, 15, 2019) ("[T]he Court finds that David R. Ely is best qualified to serve as Special Master in this case. Mr. Ely has extensive experience addressing issues like those presented herein, and there is no suggestion that Mr. Ely would investigate the appropriate remedy in this matter in a partisan manner.").

Mr. Ely's fairly extensive history in serving as a plaintiff-side expert could support an inference of bias, but in light of his prior courts appointments as a neutral expert, the State does not have concerns with Mr. Ely's possible appointment.

**Intervenor-Defendants' position on Mr. Ely:**

Intervenor-Defendants recommend against the appointment of Mr. David Ely. Mr. Ely's opinions in voting rights cases have repeatedly been criticized by courts. *See, e.g., Benavidez v. Irving Indep. Sch. Dist.*, 2014 U.S. Dist. LEXIS 113239, *20 (court rejects a portion of Mr. Ely's opinions because Ely relied on data that he rejected in arriving at another one of his expert

opinions); *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 472-481(court finds portion of Ely's methods produced "unreliable" results. The data Ely relied on was "error-prone". As such, the court declined to consider opinions that relied on this unreliable data). Mr. Ely lacks advanced degrees and research experience that lend credibility to his analysis. Finally, Mr. Ely almost exclusively serves as an expert for plaintiffs and appears to have primarily provided expert opinions that uniquely favor plaintiffs in litigation.

Given the presence of other, qualified candidates ready and willing to serve as special master, Intervenor-Defendants recommend against Mr. Ely's selection.

**B. State of Washington's Nomination: Karin Mac Donald, Q2 Data & Research, LLC**

The State recommends the Court appoint Karin Mac Donald as special master in this matter. As detailed in her CV, Ms. Mac Donald has extensive experience serving as a consultant to government entities and independent commissions in complicated redistricting matters, including as the principal consultant to the California Citizens Redistricting Commission in 2021 and 2011 to construct assembly, senate, and congressional districts for California. She is the current Director of the Statewide Database, which is the redistricting database for the State of California that also provides non-partisan support and assistance to the general public, news media, scholars, and legislators. She is also the Senior Researcher and Owner of Q2 Data & Research LLC, a consulting firm which provides qualitative and quantitative research and technical services for redistricting, elections, and election administration. Moreover, Ms. Mac Donald considers herself strictly non-partisan; she is the only one of the three candidates who does not regularly serve as a paid party expert witness in redistricting litigation. The State believes Ms. Mac Donald's technical expertise, non-partisan stance, and commitment to public service, transparency, and working with diverse stakeholders will be helpful to the Court in considering and entering a remedial legislative district map.

Ms. Mac Donald's CV is attached as Exhibit C and her statement of interest is attached as Exhibit D.

**Plaintiffs' position on Ms. Mac Donald**:

Plaintiffs have no objection to the nomination of Ms. Mac Donald.

**Intervenor-Defendants' position on Ms. Mac Donald:**

Intervenor-Defendants recommend against the appointment of Ms. Mac Donald as special master. With the majority of her redistricting experience coming as an academic, she lacks the practical experience that would be most helpful is advising the Court in this matter. Experience serving as an expert in litigation and as a solely independent consultant are experiences that Ms. Mac Donald lacks that would be a hinderance to her providing relevant and practical advice. State legislative maps, such as the map at issue here, must take into account the practical realties of circumstances that are not best understood in the ivory towers of academia alone, but coupled with the realities of life that are only learned outside academia. This lack of practical, real-life experience is evidenced when in 2018 Ms. Mac Donald was retained by both sides in litigation (both the governmental entity and the local activists protesting the actions of that governmental entity) pertaining to a city map involving Santa Monica, California. Jorge Casuso, "Top Voting Demographics Expert Advised City, Activists on Santa Monica Redistricting," SANTA MONICA LOOKOUT (Aug. 28, 2018), available at https://www.surfsantamonica.com/ssm_site/the_lookout/news/News-2018/August-2018/08_28_2018_Top_Voting_Demographics_%20Expert_Advised_City_Activists_on_Santa_Monica_Redistricting.html (Discussing Ms. Mac Donald providing advice to conflicting parties in litigation).

Additionally, it does not appear that Ms. Mac Donald has practical experience applying "traditional districting principles such as maintaining communities of interest and traditional boundaries," *Bush v. Vera*, 517 U.S. 952, 977 (1996), or other important factors like "preserving the cores of prior districts and avoiding contests between incumbent Representatives," *Karcher v. Daggett*, 462 U.S. 725, 740 (1983), which are important considerations to help ensure the democratic legitimacy of a state legislative district map drawn by a federal court.

While the lack of regular involvement with litigation might give the appearance of neutrality, in this case, the Court needs a special master who has experience providing advice within the constructs of litigation. For these reasons, Ms. Mac Donald is not the Court's best option to serve as special master.

### C. Intervenor-Defendants' Nomination: Dr. Douglas Johnson, National Demographics Corporation

Intervenor-Defendants recommend the Court appoint Dr. Douglas Johnson as special master in this matter. As detailed in his CV, Dr. Johnson has extensive experience serving as a primary map drawer or consultant for hundreds of independent commissions and local jurisdictions—the vast majority of these maps were adopted within the footprint of the Ninth Circuit. Dr. Johnson has also served as an expert in multiple courts across the country where he has been qualified as an expert. *See, e.g., Navajo Nation v. Arizona Indep. Redistricting Comm'n*, 230 F. Supp. 2d 998, 1011 ("The Court finds Mr. Johnson qualified to provide the opinions given and finds them reliable."). Dr. Johnson is the President of National Demographics Corporation where he, along with his qualified team of consultants, use their over 40 years of experience to provide advice to local governments, states, and organizations primarily across California and

Arizona. Dr. Johnson has served credibly as an expert in many state court cases, that were all but ignored by the other parties. Additionally, most of the cherry-picked cases discussing Dr. Johnson are either currently on appeal or have been reversed on appeal. With Dr. Johnson you get a special master who as worked with non-partisan independent commissions across the Ninth Circuit footprint, you also get someone who has substantial educational training and teaching experience, as well as a professional who knows how to navigate a legal proceeding—no other special possess all three of these qualities.

Dr. Johnson's CV is attached as Exhibit E and a statement of interest is attached as Exhibit F.

**Plaintiffs' position on Dr. Johnson:**

Plaintiffs object to the appointment of Dr. Johnson as a special master in this case. In every case Dr. Johnson lists on his CV where he testified as an expert witness, the court rejected his testimony. *See Covington v. North Carolina*, 283 F. Supp. 3d 410, 450 (M.D.N.C. 2018) (Johnson analysis and opinion "unreliable and not persuasive"); *Luna v. Cnty. of Kern*, 291 F. Supp. 3d 1088, 1137 (E.D. Cal. 2018) (Johnson's testimony "insufficient" and argument based on it "lacks merits"); *Garrett v City of Highland*, 2016 WL 3693498, at *2 (Cal. Super. Apr. 06, 2016) (Johnson methodology "inappropriate"); *Jauregui v City of Palmdale*, No. BC483039, 2013 WL 7018375, at *2 (Cal. Super. Dec. 23, 2013) (Johnson's work "unsuitable" and "troubling"). In a more recent case in which Dr. Johnson testified that does not appear on his CV, the court found Dr. Johnson's mapping analysis "unpersuasive" and "join[ed] other courts in rejecting Dr. Johnson's methodologies, analyses, and conclusions." *Common Cause v. Lewis*, No. 18 CVS 014001, 2019 WL 4569584, at *95 (N.C. Super. Sep. 3, 2019) *abrogated on other grounds by*

*Harper v. Hall*, 886 S.E.2d 393, 447 (N.C. 2023). Dr. Johnson's explanations "appear[ed] to be purely speculative," "d[id] not withstand minimal scrutiny," and were "not credible," and his map "suffered from a critical error." *Id.* at *44. The *Common Cause* court also struck large portions of Dr. Johnson's testimony and report under Rule 702 and Rule 403 "after it was uncovered on cross-examination that Dr. Johnson had made a series of significant errors." *Id.* at *96. Another court recently rejected a remedial plan Dr. Johnson drew for the City of Jacksonville, because it "fail[ed] to meaningfully remedy the violation" of voters' rights. *Jacksonville Branch of the NAACP v. City of Jacksonville*, No. 3:22-cv-493-MMH-LLL (M.D. Fla. Dec. 19, 2022) (order) at 56.

Dr. Johnson has been repeatedly accused of drawing maps specifically to advantage white incumbents at the expense of Latino voters. *See* Monica Valez, S*elma Is Moving to District Elections. Some Say the Proposed Districts Don't Represent the Community*, KVPR (Sep. 6, 2019), https://www.courthousenews.com/judges-scrap-republicans-expert-in-nc-gerrymandering-trial/; David Daley, *Will Arizona's relentless Republican gerrymander decide the 2024 presidential election?*, Salon (Dec. 4, 2021), www.salon.com/2021/12/04/will-arizonas-relentless-gerrymander-decide-the-2024-presidential-election/. In addition, Dr. Johnson and his firm are considered biased and controversial. *See id.*; *see also* Kasey Bubnash, *Redistricting commission votes to keep controversial demographer,* Santa Maria Sun (Jan. 27, 2021), https://www.santamariasun.com/news/redistricting-commission-votes-to-keep-controversial-demographer-14799563. Because of the lack of credibility courts have afforded Dr. Johnson, his history of drawing or supporting maps that specifically disadvantage Latino voters, and his biases evident in his work, it would be inappropriate for Dr. Johnson to serve as Special Master in this case, and Plaintiffs oppose his nomination for that role.

8

**State of Washington's position on Dr. Johnson:**

The State recommends against the appointment of Dr. Douglas Johnson. Dr. Johnson's opinions in voting rights cases have repeatedly been rejected by courts. As one court recently summarized:

> Dr. Johnson has testified as a live expert witness in four cases previously, and the courts in all four cases have rejected his analysis. [S]ee Covington[ v. North Carolina, 283 F. Supp. 3d 410, 450 (M.D.N.C. 2018), aff'd in relevant part, 138 S. Ct. 2548 (2018)] (finding "Dr. Johnson's analysis and opinion . . . unreliable and not persuasive"); Luna v. Cnty. of Kern, 291 F. Supp. 3d 1088, 1137 (E.D. Cal. 2018) (holding that defendants' argument based on Dr. Johnson's analysis "lacks merits"); Garrett v City of Highland, 2016 WL 3693498, at *2 (Cal. Super. Apr. 06, 2016) (finding Dr. Johnson's methodology "inappropriate"); Jauregui v City of Palmdale, No. BC483039, 2013 WL 7018375, at *2 (Cal. Super. Dec. 23, 2013) (describing Dr. Johnson's work in the case was "unsuitable" and "troubling"). This Court joins these other courts in rejecting Dr. Johnson's methodologies, analyses, and conclusions.

*Common Cause v. Lewis*, No. 18 CVS 014001, 2019 WL 4569584, at *95 (N.C. Super. Ct. Sep. 3, 2019), *abrogated on other grounds by Harper v. Hall*, 384 N.C. 292, 376, 886 S.E.2d 393, 447 (2023) (record citation omitted); *see also Nairne v. Ardoin*, CV 22-178-SDD-SDJ, 2023 WL 7388850, at *3–4 (M.D. La. Nov. 8, 2023) (largely excluding Dr. Johnson's proposed testimony on racial predominance as beyond his expertise, "irrelevant," "unhelpful," "a waste of judicial and party resources," "[c]onclusory," and "pejorative"); Tentative Ruling, *Sanchez v. City of Martinez*, Case No. MSC18-02219 (Contra Costa (CA) Cnty. Super. Ct. May 3, 2019) (concluding that a map drawn by Dr. Johnson "verges on self-parody in flouting [the compactness] criterion," "was consciously drawn to try to *cross* boundaries of community of interests," and "went out of its way to ensure that the districts cut across one of the main existing geographical dividers . . . , rather than using it as a convenient boundary") (emphasis in original); David Daley, "Ohio Speaker Cupp gets nationally controversial, GOP-aligned mapmaker into redraw process," OHIO CAPITAL JOURNAL (Mar. 23, 2022), available at https://ohiocapitaljournal.com/2022/03/23/ohio-speaker-cupp-gets-nationally-controversial-gop-aligned-mapmaker-into-redraw-process/ ("Johnson is

among the nation's most controversial and GOP-aligned mapmakers.") (hyperlinked citations omitted).

Given the presence of other, qualified candidates ready and willing to serve as special master, the State recommends against Dr. Johnson's selection.

Dated: December 1, 2023                                    Respectfully submitted,

By: */s/Annabelle Harless*

Edwardo Morfin
WSBA No. 47831
MORFIN LAW FIRM, PLLC
2602 N. Proctor Street, Suite 205
Tacoma, WA 98407
Telephone: 509-380-9999

Mark P. Gaber*
Simone Leeper*
Aseem Mulji*
Benjamin Phillips*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, DC 20005
mgaber@campaignlegal.org
sleeper@campaignlegal.org
amulji@campaignlegal.org
bphillips@campaignlegal.org

Annabelle E. Harless*
CAMPAIGN LEGAL CENTER
55 W. Monroe St., Ste. 1925
Chicago, IL 60603
aharless@campaignlegal.org

Chad W. Dunn*
Sonni Waknin*
UCLA VOTING RIGHTS PROJECT
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
Chad@uclavrp.org
Sonni@uclavrp.org

Thomas A. Saenz*
Ernest Herrera*
Leticia M. Saucedo*
Erika Cervantes*
MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND
643 S. Spring St., 11th Fl.
Los Angeles, CA 90014
Telephone: (213) 629-2512
tsaenz@maldef.org
eherrera@maldef.org
lsaucedo@maldef.org
ecervantes@maldef.org

*Admitted pro hac vice
*Counsel for Plaintiffs*

ROBERT W. FERGUSON
Attorney General

/s/ Andrew R.W. Hughes
ANDREW R.W. HUGHES, WSBA #49515
ERICA R. FRANKLIN, WSBA #43477
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
andrew.hughes@atg.wa.gov
erica.franklin@atg.wa.gov

CRISTINA SEPE, WSBA #53609
Deputy Solicitor General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
cristina.sepe@atg.wa.gov

*Attorneys for Defendant State of Washington*

ROBERT W. FERGUSON
  *Attorney General*

 s/ Karl D. Smith
KARL D. SMITH, WSBA 41988
  *Deputy Solicitor General*
KATE S. WORTHINGTON, WSBA 47556
  *Assistant Attorney General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
Karl.Smith@atg.wa.gov
Kate.Worthington@atg.wa.gov

*Attorneys for Defendant Steven Hobbs*

*s/Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA No. 46097
CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
T: (206) 813-9322
dstokesbary@chalmersadams.com

Jason B. Torchinsky *(admitted pro hac vice)*
Phillip M. Gordon *(admitted pro hac vice)*
Dallin B. Holt *(admitted pro hac vice)*
Brennan A.R. Bowen *(admitted pro hac vice)*
Caleb Acker *(admitted pro hac vice)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLC
15405 John Marshall Hwy
Haymarket, VA 20169
T: (540) 341-8808
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
dholt@holtzmanvogel.com
bbowen@HoltzmanVogel.com
cacker@HoltzmanVogel.com

*Counsel for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I certify that all counsel of record were served a copy of the foregoing this 1st day of December 2023, via the Court's CM/ECF system.

s/*Annabelle Harless*
Annabelle Harless
*Counsel for Plaintiffs*
