The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN HOBBS, in his official capacity as Secretary of State of Washington, and the STATE OF WASHINGTON, <br><br> Defendants, <br><br> and <br><br> JOSE TREVINO, et al., <br><br> Intervenor-Defendants. | NO. 3:22-cv-5035-RSL <br><br> STATE OF WASHINGTON'S RESPONSE TO SENATOR NIKKI TORRES' MOTION TO INTERVENE |

STATE OF WASHINGTON'S
RESPONSE TO SENATOR NIKKI
TORRES' MOTION TO INTERVENE
NO. 3:22-cv-5035-RSL

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

## I.   INTRODUCTION

Senator Torres' motion for permissive intervention is profoundly untimely, coming nearly two years after this case was filed, more than a year after she was elected to represent the district at issue, and more than four months after this Court entered judgment. To justify this delay, Senator Torres claims that until Plaintiffs proposed remedial maps, there was no reason to suspect that litigation concerning the shape of her district might affect the shape of her district. This argument fails entirely. Her motion should be denied as untimely. To the extent she has personal concerns about the shape of her district, she can voice those through an amicus brief.

## II.   LEGAL STANDARD

"[T]he district court's decision concerning permissive intervention" is "review[ed] for abuse of discretion." *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996); *see also Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) ("The question of timeliness is addressed to the sound discretion of the trial court[.]"). For permissive intervention, the Ninth Circuit "analyze[s] the timeliness element more strictly than [the court] do[es] with intervention as of right." *League of United Latin Am. Citizens v. Wilson (LULAC)*, 131 F.3d 1297, 1308 (9th Cir. 1997).

## III.   ARGUMENT

The Court should deny Senator Torres' motion as untimely. Rule 24(b)(1)(B) provides: "*On timely motion*, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." (Emphasis added). Senator Torres' motion is untimely, and therefore fails at the threshold. *See United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990); *see also United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) ("If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24.").[1]

---

[1] The State takes no position on the remaining factors.

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Courts "consider three criteria in determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Glickman*, 82 F.3d at 836 (citing *Oregon*, 913 F.2d at 588). "A party seeking to intervene must act as soon as [they] know[] or ha[ve] reason to know that [their] interests might be adversely affected by the outcome of the litigation." *Oregon*, 913 F.2d at 589 (quotation omitted). "Although the length of the delay is not determinative, any substantial lapse of time weighs heavily against intervention." *Washington*, 86 F.3d at 1503.

### A. The Stage of the Proceedings Is Much, Much too Late to Permit Intervention

Unsurprisingly, courts routinely conclude that motions to intervene brought after judgment are untimely. *See, e.g.*, *Washington*, 86 F.3d at 1503 (upholding denial as untimely of a "[motion] to intervene three months after the district court issued its memorandum opinion"); *Alaniz* 572 F.2d at 659 (denying motion to intervene following entry of consent judgment).[2] Indeed, courts routinely deny motions brought much earlier, after "a lot of water had already passed underneath [the] litigation bridge." *LULAC*, 131 F.3d at 1303 (denying as untimely a motion to intervene filed shortly before trial: "We believe that the fact that the district court has substantively—and substantially—engaged the issues in this case weighs heavily against allowing intervention[.]"); *see also Smith v. Marsh*, 194 F.3d 1045, 1051 (9th Cir. 1999) ("[H]ere there was a lengthy delay—fifteen months—before Students attempted to intervene, and many substantive and procedural issues had already been settled by the time of the intervention motion."); *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) ("[I]ntervention on the eve of settlement following several years of litigation was not timely[.]").

Here, there is no reason to depart from the ordinary rule that a motion to intervene brought after judgment is untimely. Senator Torres concedes, as she must, that this case has been

---

[2] On occasion, "[c]ourts have allowed intervention after entry of consent decrees, but chiefly in the remedial phase of discrimination suits where the decree had an unexpected effect on a nonparty." *Oregon*, 913 F.2d at 588; *accord Alaniz*, 572 F.2d at 659 ("Intervention after entry of a consent decree is reserved for exceptional cases."). Here, of course, there is no consent decree. Moreover, as explained in more detail below, it is anything *but* unexpected that litigation regarding the shape of a legislative district would result in new district lines.

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

pending for nearly two years, and that she declined to involve herself even after she decided to run for (in May 2022), was elected to (in November 2022), and ultimately was sworn into (January 2023) her seat. Dkt. # 253 at p. 4. Her steadfast inaction dooms her post-judgment effort to intervene.

Senator Torres tries to explain away her earlier decision(s) not to intervene, claiming that, "[a]lthough this lawsuit was pending at the time she took office," "it was not clear to her that this action would affect her interests at all" until Plaintiffs proposed remedial maps that reconfigured her district. *Id.* This argument—that she could not have known a lawsuit involving the shape of her district might affect the shape of her district—is untenable. And the upshot of the argument is untenable as well. Because a potential intervenor basically never knows for *certain* whether their interests are affected until the court decides the issue in suit. So by Senator Torres' logic, an intervenor could always wait until after judgment, see whether their interests were affected by the court's ruling, and only then intervene. Avoiding that absurdity is precisely why the Ninth Circuit requires that "[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests *might* be adversely affected by the outcome of the litigation," not wait until the adverse effect has been cast in stone. *Oregon*, 913 F.2d at 589 (emphasis added; internal quotation omitted); *see also Orange County v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (upholding denial as untimely where a proposed intervenor "should have realized that the litigation might be resolved" in a way that affected their interests); *California Department of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) ("While [proposed intervenors] were not certain that the consent decree would be adverse to their interests, they had reason to know that negotiations might produce a settlement decree to their detriment.").

**B.     The Parties Will be Prejudiced by Senator Torres' Untimely Intervention**

Senator Torres tries to save her untimely motion by claiming that none of the existing parties will be prejudiced by her intervention because she is merely "seeking leave to intervene

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

. . . to ensure that whatever remedy is ultimately ordered by the Court will not adversely affect her interests." Dkt. # 253 at p. 5. But her proposed remedial brief belies her claim.

To start, any remedial district obviously must provide Hispanic voters the opportunity to elect candidates of their choice to comply with the Voting Rights Act (VRA). Yet in her proposed opposition brief, Senator Torres criticizes each of Plaintiffs' five proposed remedial districts for either placing her home in a new district or reducing the Hispanic citizen voting age population in her current district (Dkt. # 253-1 at pp. 2–5), but she fails to explain how or even *whether* it is possible to draw a VRA-compliant district that doesn't do the things she complains of. Her proposed intervention is thus not constructive, but merely serves to throw up obstacles to prevent or delay relief. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004) ("[A] party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored.").

Further, her argument seems to be that her district should remain largely unchanged and must include the majority of her current constituents, but those are personal interests of hers that are irrelevant under the VRA. Dkt. # 253-1 at pp. 2–5. Her argument would seem to invite relitigation of whether the current district actually needs to change meaningfully to comply with the VRA. But "[t]he period of final implementation is too late a stage of the proceeding to permit intervention to relitigate such basic questions." *Washington*, 86 F.3d at 1504.

C.   **Senator Torres Makes No Serious Effort to Justify Her Delay**

Senator Torres has not given any satisfactory reason for her delay. She first claims that she didn't delay at all, Dkt. # 253 at p. 5 ("[T]he relevant delay in this case was, at most, twenty-one days[.]"), but that argument makes no sense. She also claims that she could not have known previously that her interests might be affected, but as explained above, that argument is factually incorrect and contrary to binding caselaw. Her failure to credibly explain her delay cuts sharply against intervention here. *See LULAC*, 131 F.3d at 1304 ("Even more damaging to [proposed intervenor's] motion than the . . . delay itself, however, is its failure adequately to

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

explain . . . the *reason* for its delay.") (emphasis in original).

### IV. CONCLUSION

"Because [Senator Torres] did not file a motion to intervene until after the district court issued its decision in this case, the other parties would be prejudiced by the requested intervention, and [Senator Torres] did not present satisfactory reasons for [her] substantial delay in filing the motion to intervene . . . , [her] motion to intervene was not timely." *Washington*, 86 F.3d at 1505. Her motion should be denied.

DATED this 8th day of January 2024.

ROBERT W. FERGUSON
Attorney General

*/s/ Andrew Hughes*
ANDREW HUGHES, WSBA #49515
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
andrew.hughes@atg.wa.gov

CRISTINA SEPE, WSBA #53609
Deputy Solicitor General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200
cristina.sepe@atg.wa.gov

*Attorneys for Defendant State of Washington*

I certify that this memorandum contains 1,608 words, in compliance with the Local Civil Rules.

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 8th day of January 2024 at Seattle, Washington.

*/s/ Andrew Hughes*
ANDREW HUGHES, WSBA #49515
Assistant Attorney General

STATE OF WASHINGTON'S
RESPONSE TO SENATOR
NIKKI TORRES' MOTION TO
INTERVENE
NO. 3:22-cv-5035-RSL

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744