The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER et al., | |
| *Plaintiffs*, | Case No.: 3:22-cv-5035-RSL |
| v. | |
| STEVEN HOBBS, in his official capacity as Secretary of State of Washington, et al., | REPLY IN SUPPORT OF MOTION TO INTERVENE OF SENATOR NIKKI TORRES |
| *Defendants*, | |
| and | NOTE ON MOTION CALENDAR: January 12, 2024 |
| JOSE TREVINO et al., | |
| *Intervenor-Defendants*. | |

Proposed Intervenor Senator Torres seeks to intervene solely for purposes of remedial proceedings that threaten to drastically alter her district and cause her specific and targeted electoral harm. That fact—despite Plaintiffs' repeated misunderstanding of it—effectively disposes of all of Plaintiffs' instant concerns, including this Court's remedial jurisdiction, Senator Torres's individual standing, timeliness, and Rule 24(c)'s requirements. Moreover, the State's unavailing timeliness concerns are an unnecessary opposition to an elected official's attempt to intervene on the State's side of the "v" and defend the enforcement of a duly enacted law of Washington—an action the State itself, despite its responsibility to do so, declined to take.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

1

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

*Jurisdiction*. In Plaintiffs' over-anxious zeal to oppose Senator Torres's Motion to Intervene, they make the fascinating assertion that this Court has no jurisdiction whatsoever over these remedial proceedings because Intervenor-Defendants filed a Notice of Appeal (Dkt. # 222) on the merits. (Dkt. # 255 at 2–3.)[1] But Plaintiffs overlook the necessary (and inescapable) import of that contention: If this Court agrees with Plaintiffs that the merits appeal divests it of jurisdiction over these Section 2 remedial proceedings, it must stay *all* remedial proceedings because Intervenor-Defendants' appeal divested this Court of jurisdiction.

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The question, then, is whether these Section 2 remedial proceedings are "aspects" of this case involved in the appeal. This Court has concluded that they are not: it has already asserted jurisdiction over these remedial proceedings, (Dkt. # 219,) and has not divested itself of jurisdiction after Intervenor-Defendants filed their Notice of Appeal. (*See* Dkt. # 230) (issuing a scheduling order on remedial proceedings after the Notice of Appeal, Dkt. # 222).

Plaintiffs may well be correct that Section 2 remedial proceedings are "aspects" of a Section 2 case bound up in appeal such that a notice of appeal of a Section 2 merits decision divests the district court of all jurisdiction over the remedy. But it has undoubtedly been tradition in the federal courts that Section 2 remedial proceedings may proceed while a merits appeal has been commenced. This Court has chosen to cleave to that historical practice, and Plaintiffs cannot point to any controlling Ninth Circuit precedent supporting their position. Regardless, *either* (1) this Court has jurisdiction over the remedial proceedings—in which case intervention ought to be granted—*or* (2) this Court lacks jurisdiction to conduct any remedial proceedings while an appeal is pending. Either option is acceptable to Proposed-Intervenor Torres. But jurisdiction cannot be

---

[1] To the extent Plaintiffs argue that this Court is divested of jurisdiction as to the remedial proceedings, Proposed-Intervenor Torres adopts that argument for purposes of preservation. If the Court agrees that it lacks jurisdiction, Proposed-Intervenor Torres will accordingly move to intervene on appeal in the Ninth Circuit.

REPLY IN SUPPORT OF
MOTION TO INTERVENE                            2            **Chalmers, Adams, Backer & Kaufman, LLC**
OF SENATOR NIKKI TORRES                                     701 Fifth Avenue, Suite 4200
                                                            Seattle, Washington 98104
No. 3:22-cv-5035-RSL                                        Phone: (206) 207-3920

sliced so thinly as Plaintiffs suggest, *i.e.*, divesting this Court of jurisdiction to consider a motion to intervene in remedial proceedings but retaining jurisdiction over those very same remedial proceedings. Contrary to the implication of Plaintiffs' argument, jurisdiction is not an à la carte menu.

*Standing*. Senator Torres listed multiple reasons why she is individually injured by the remedial proceedings flowing from the Section 2 decision. Indeed, it defies bedrock principles of standing and common sense to conclude otherwise: Plaintiffs are specifically trying to dismantle her district and prevent her reelection to the Washington Senate.

Plaintiffs try to characterize the problems uniquely affecting Senator Torres as "generalized" and redundant. That blinks reality: Plaintiffs' proposed remedial maps are laser focused on her and her district, LD-15. Indeed, Senator Torres has shown how each remedial map targets Senator Torres's individual position as an incumbent in a particularized way. Plaintiffs cannot through their maps single out Senator Torres for highly particularized electoral harm and now contend that her injury is generalized. Yet that, remarkably, is the cornerstone of their opposition.

*Timeliness*. Timeliness also flows from the limited nature of the intervention sought, *i.e.*, purely to participate in the remedial proceedings. "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." *NAACP v. New York*, 413 U.S. 345, 365–66 (1973). Assessing timeliness must be done "in relation to that point in time" in which "it became clear" that intervention was necessary. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1012 (2022). In other words, this Court must choose a reference point—a specific point in time from which to assess timeliness. That choice should be "analyzed in relation to the current stage of proceedings," and, as noted in Senator Torres's Motion, intervention for purposes of participating in remedial proceedings only became appropriate once it was apparent that there would be remedial proceedings that injured her. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

3

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

525, 528 (9th Cir. 1983); *see also Reudiger v. U.S. Forest Serv.*, 2005 U.S. Dist. LEXIS 43019, at *17 (D. Ore. Feb. 9, 2005) (applying Ninth Circuit caselaw holding that third-party intervention in NEPA actions is only permitted at the remedial stage).

For individual legislators looking to intervene in a Section 2 case because their incumbency is threatened, it makes sense that the reference point, that "point in time" in relation to which motions to intervene must be assessed, *see Cameron*, 142 S. Ct. at 1012, should be when the injury that legislator is asserting has been sufficiently concretized by proposed remedial maps. Even though a legislator might know before judgment in a Section 2 case that the legislator's interests might conceivably be affected by a future, speculative remedy, it is not until actual proposal maps are submitted that a legislator can know whether he or she will be harmed or helped. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (an asserted "future injury" for Article III standing purposes must be "*certainly* impending" as opposed to being merely "possible") (internal citations omitted). The fact that Section 2 remedial proceedings could *bolster* an incumbent's chances means that intervening legislators cannot know that they will be concretely harmed until remedial maps are proposed during remedial proceedings. Therefore, if the legislator proposing intervention is alleging a harm to their incumbency, then the "point in time" sensibly is the proposal of remedy maps.

Here, approximately 20,000 residents of enacted LD-15 would remain in LD-15 under each of Plaintiffs' remedial proposals 1 through 4. (*See* Dkt. # 251 at 9, 14, 45, 49.) So while Plaintiffs are "unconvinc[ed]" that Senator Torres's "position could be in jeopardy," it was not "axiomatic" that Senator Torres herself would be moved out of her district under proposed remedial maps until such maps were submitted to Court. (Dkt. # 255 at 5.) Senator Torres is not asserting a generalized interest but rather alleging a specific harm that arose in these remedy proceedings. That is why her Rule 24(c) attachment was a response to Plaintiffs' proposals. She knew at that time and not sooner that she would be harmed, not helped, as an incumbent. Timeliness for her motion should be judged from December 1, 2023.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

4

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

Moreover, the opposition of Plaintiffs and the State to Senator Torres's Motion to Intervene on timeliness grounds is a bit risible. After all, just a short time ago, in the related *Garcia* appeal currently pending before the United States Supreme Court, No. 23-467, Plaintiffs attempted to intervene at the appellate stage, for the very first time—despite the *Garcia* case being initiated soon after Plaintiffs filed their Complaint here. *See* Mot. to Intervene of Soto Palmer et al., *Garcia v. Hobbs et al.*, No. 23-467 (U.S. Nov. 9, 2023). Despite this, the State did not oppose that request to intervene as they do here. *See id.* at 2. What's good for the goose is good for the gander.

***Rule 24(c)***. Last, Plaintiffs argue that Senator Torres did not adhere to the requirements of Rule 24(c). Here too their error arises from their misunderstanding of the situation. Because this intervention is about remedial proceedings, it makes sense that the Rule 24(c) attachment would be a response to Plaintiffs' maps—not any issues of liability under §2. Because this Court has already resolved the merits of allegations in Plaintiffs' Complaint (*see* Memorandum of Decision, Dkt. # 218), a series of boilerplate "admits" and "denies" as to issues that this Court has already resolved fails to serve a single conceivable purpose. (Nor do Plaintiffs identify any.)

This follows from the general rule that courts "take[] a lenient approach to the requirements of Rule 24(c)." *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 580 (6th Cir. 2018) (quoting *Providence Baptist Church v. Hillandale Comm., Ltd*., 425 F.3d 309, 314 (6th Cir. 2005)). Even if Senator Torres had attached nothing at all, intervention remains warranted; "the failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right. Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (citation and quotation marks omitted). Senator Torres has well explained the grounds for her motion, and Plaintiffs do not even attempt to argue that they are unaware of those grounds.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

5

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

**CONCLUSION**

For the foregoing reasons, Proposed Intervenor Senator Torres respectfully requests that this Court enter an order granting her Motion to Intervene in this action.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

6

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

DATED this 10th day of January, 2024.

Respectfully submitted,

*s/ Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA No. 46097
CHALMERS, ADAMS, BACKER & KAUFMAN, LLC
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
T: (206) 813-9322
dstokesbary@chalmersadams.com

Jason B. Torchinsky (admitted pro hac vice)
Phillip M. Gordon (admitted pro hac vice)
Andrew B. Pardue (admitted pro hac vice)
Caleb Acker (admitted pro hac vice)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
T: (540) 341-8808
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
apardue@holtzmanvogel.com
cacker@holtzmanvogel.com

Dallin B. Holt (admitted pro hac vice)
Brennan A.R. Bowen (admitted pro hac vice)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
Esplanade Tower IV
2575 East Camelback Rd
Suite 860
Phoenix, AZ 85016
T: (540) 341-8808
dholt@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Counsel for Proposed Intervenor Sen. Torres*

I certify that this memorandum contains 1,622 words, in compliance with the Local Civil Rules.

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

7

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Washington through the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 10th day of January, 2024.

          Respectfully submitted,

          *s/ Andrew R. Stokesbary*
          Andrew R. Stokesbary, WSBA No. 46097

          *Counsel for Proposed Intervenor Sen. Torres*

REPLY IN SUPPORT OF
MOTION TO INTERVENE
OF SENATOR NIKKI TORRES

No. 3:22-cv-5035-RSL

8

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920