UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN HOBBS, *et al.*, <br><br> Defendants, <br><br> and <br><br> JOSE TREVINO, *et al.*, <br><br> Intervenor-Defendants. | CASE NO. 3:22-cv-05035-RSL <br><br><br> ORDER REGARDING SENATOR TORRES' MOTION TO INTERVENE |

This matter comes before the Court on the "Motion to Intervene of Senator Nikki Torres." Dkt. # 253. Federal Rule of Civil Procedure 24(b) provides that, *"[o]n timely motion*, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" (emphasis added).

In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. In measuring any delay in seeking intervention, the inquiry looks to when the intervenor first became aware that its interests would no longer be adequately protected by the parties.

ORDER REGARDING SENATOR TORRES' MOTION TO
INTERVENE - 1

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100–01 (9th Cir. 1999) (internal citations and quotation marks omitted). *See also Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1018 (9th Cir. 2022)).

Senator Torres filed her motion to intervene on December 22, 2023, almost two years after this case was filed, more than a year after she was elected to represent Legislative District 15 ("LD 15"), more than seven months after the Court allowed another elected official from a neighboring legislative district to intervene, more than four months after judgment was entered in favor of plaintiffs, and two-and-a-half months after the Court established a schedule for presenting alternative remedial proposals. The remedial process was well underway by December 22nd: plaintiffs had already submitted their proposed remedial maps, the Court had appointed an expert to assist in the evaluation of the proposals, and the deadline for responding to the remedial proposals had arrived. By the time the motion was ready for consideration, the remedial briefing was complete. Senator Torres argues that the motion was nevertheless timely because, until the State and Intervenors declined to submit their own remedial maps on December 1, 2024, she was unaware that her interests would not be adequately protected by the existing parties.

Senator Torres did not seek to intervene so that she could present an alternative remedial map, however. She is seemingly content with simply responding to plaintiffs' remedial proposals, largely reiterating the arguments raised by the Intervenors and their expert. *Compare* Dkt. # 251 and # 252 with Dkt. # 253-1. She makes no attempt to show

ORDER REGARDING SENATOR TORRES' MOTION TO
INTERVENE - 2

that the Intervenors' response was somehow inadequate, instead noting that, faced with the likelihood that one of plaintiffs' remedial maps would be chosen by the Court, she wanted "to speak on her own behalf." Dkt. # 253-1 at 2. But the issue is whether she timely sought to accomplish that goal. The Senator had notice of this lawsuit no later than the time she was served with a subpoena in November 2022. She knew or should have known at that time that plaintiffs were seeking to alter the boundaries of the district that had elected her, and yet she was content until very recently to allow other parties to represent her interests. Having failed to put forth her own a remedial proposal and offering no new criticisms of plaintiffs' proposals, Senator Torres seems to be arguing that the boundaries of LD 15 should remain unchanged because she has a legally protectable interest in her existing cadre of voters and/or in avoiding a more difficult reelection campaign.[1] Those arguments should have been made long ago.

In the circumstances presented here, the late stage of this proceeding, the length of the delay in seeking to make herself heard, and the lack of justification for the delay militate against granting leave to intervene. Although plaintiffs have not shown that they would be prejudiced by the intervention, recognizing, as they do, that Senator Torres' arguments are virtually identical to those raised by the Intervenors, the motion for leave to

---

[1] The Court previously found that, under Washington law, an elected official has "no right or protectable interest in any particular redistricting plan or boundary lines. The legislative district map must be redrawn after each decennial census: change is part of the process." Dkt. # 69 at 4.

ORDER REGARDING SENATOR TORRES' MOTION TO
INTERVENE - 3

intervene was not timely filed and is therefore DENIED. The Court will, however, consider Senator Torres' submission, Dkt. # 253-1, when selecting a remedy in this case.

Dated this 22nd day of January, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge