The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN HOBBS, et al.,<br><br>    Defendants,<br><br>and<br><br>JOSE TREVINO, et al.,<br><br>    Intervenor–Defendants. | NO. 3:22-cv-5035-RSL<br><br>DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS<br><br>NOTE FOR MOTION CALENDAR: February 9, 2024 |

## I.    INTRODUCTION

This is now Intervenor–Defendants' *sixth* attempt to stay this case and/or appeal, Dkt. ## 97, 123, 232, 258; DktEntry: 34-1, DktEntry: 48, *Soto Palmer v. Hobbs*, No. 23-35595 (9th Cir.), and their most frivolous one yet. Courts handling redistricting cases routinely proceed to remedial measures while liability appeals are pending—indeed, the Supreme Court just two weeks ago denied a motion to stay the remedial process in a case pending a liability appeal, *Michigan Independent Citizens Redistricting Commission v. Agee*, No. 23A641 (U.S. Jan. 22, 2024). Nonetheless, Intervenors claim to have discovered a new doctrine that makes all the remedies ordered in those cases void for want of jurisdiction. They are wrong, and their

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS -- NO. 3:22-cv-5035-RSL

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744


motion should be denied.

## II. ARGUMENT

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (emphasis added).

Intervenors' jurisdictional argument fails because the remedial aspect of the case is—obviously—not involved in the appeal. That's why Intervenors' precise argument has been repeatedly rejected by courts. *See, e.g.*, *Harris v. McCrory*, 1:13-cv-00949-WO-JEP, 2016 WL 3129213, at *1 (M.D.N.C. June 2, 2016), *aff'd sub nom. Harris v. Cooper*, 138 S. Ct. 2711 (2018) ("Because the remedial phase of this case is not an 'aspect [ ] of the case involved in the appeal,' the Court retains jurisdiction over it."); *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) ("[B]ecause the remedial phase of this case is not an 'aspect [ ] of the case involved in the [liability] appeal,' we retain jurisdiction over it."). In *Personhuballah*, the Supreme Court has implicitly agreed, summarily denying Intervenors' subsequent motion for a stay. *See Wittman v. Personhuballah*, 578 U.S. 539, 542–43 (2016) ("The intervenor Members of Congress asked this Court to stay implementation of the Remedial Plan pending resolution of their direct appeal to this Court. We declined to do so.").

Following this common-sense application of *Griggs*, courts routinely proceed with remedial measures even while liability appeals are pending. *See, e.g.*, *Michigan Independent Citizens Redistricting Commission*, No. 23A641 (U.S. Jan. 22, 2024); *Harris*, 2016 WL 3129213, at *1; *Personhuballah*, 155 F. Supp. 3d at 558. A contrary rule—the rule Intervenors urge—would mean that successful plaintiffs in Voting Rights Act and 14th Amendment cases would be denied the fruits of their victories, as liability appeals collide with the *Purcell* principle and drag on past election-related deadlines.

DEFENDANT STATE OF
WASHINGTON'S OPPOSITION TO
INTERVENOR–DEFENDANTS' MOTION
TO SUSPEND REMEDIAL
PROCEEDINGS -- NO. 3:22-cv-5035-RSL

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

The principal case Intervenors rely on to support their preferred outcome—*Wright v. Sumter*—is not to the contrary, as the *Wright* court itself recognized. That case explicitly distinguished *Personhuballah*, noting that "in contrast" to that case "both the liability determination and the first step of the Court's remedy—delaying the school board election—[we]re before the Court of Appeals." *Wright v. Sumter Cnty. Bd. of Elections & Registration*, 1:14-cv-00042-WLS, 2018 WL 7366501, at *4 (M.D. Ga. July 23, 2018). The court therefore concluded "that the remedial phase of th[at] case" was "an aspect involved in the appeal." *Id.*

Contrary to Intervenors' suggestion, *Coinbase v. Bielski*, 599 U.S. 736 (2023), changes nothing about the standard set forth in *Griggs*. *Contra* Dkt. # 259 at p. 3. "The sole question before th[e *Coinbase*] Court [wa]s whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing"—obviously not the question here. *Coinbase*, 559 U.S. at 740. In *Coinbase*, the Court straightforwardly applied *Griggs*, concluding that "[t]he *Griggs* principle resolves this case . . . [b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court," and so "the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58).

Here, of course, the remedial phase is not an aspect of Intervenors' appeal, nor could it be since no remedy has been ordered. Intervenors are well aware of this, having asked the Ninth Circuit to hold their merits appeal in abeyance until a party appeals this Court's remedial order and obtaining that relief. *See* DktEntry: 59, *Soto Palmer v. Hobbs*, No. 23-35585 (9th Cir. Jan. 5, 2024) (granting Intervenors' motion to hold briefing in abeyance pending this Court's order adopting a remedial map).

Consistent with precedent and common sense, this Court should reject Intervenors' latest efforts to delay this case.[1]

---

[1] In light of this Court's order setting a hearing on February 9, 2024 the State understands that Intervenors' alternative request for a hearing is now largely moot. *See* Dkt. # 258 at p. 7–9. The State disagrees with Intervenors' contention that this Court is required to accept live testimony at the hearing, but if the Court is inclined to hear testimony, the State defers to the Court's preferences.

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS -- NO. 3:22-cv-5035-RSL

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

### III. CONCLUSION

The State respectfully requests the Court deny Intervenor–Defendants' Motion to Suspend Remedial Proceedings.

DATED this 5th day February 2024.

ROBERT W. FERGUSON
Attorney General

*/s/ Andrew Hughes*
ANDREW R.W. HUGHES, WSBA No. 49515
ERICA R. FRANKLIN, WSBA No. 43477
Assistant Attorneys General
CRISTINA SEPE, WSBA No. 53609
Deputy Solicitor General
andrew.hughes@atg.wa.gov
erica.franklin@atg.wa.gov
cristina.sepe@atg.wa.gov
*Attorneys for the State of Washington*

I certify that this memorandum contains 838 words, in compliance with the Local Civil Rules.

DEFENDANT STATE OF WASHINGTON'S OPPOSITION TO INTERVENOR–DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS -- NO. 3:22-cv-5035-RSL

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744