The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN SOTO PALMER, et. al., | Case No.: 3:22-cv-05035-RSL |
| *Plaintiffs*, | Judge: Robert S. Lasnik |
| v. | |
| STEVEN HOBBS, et. al., | **PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS OR ORDER AN EVIDENTIARY HEARING** |
| *Defendants*, and | |
| JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA, | |
| *Intervenor-Defendants*. | |

## INTRODUCTION

At this late stage, Intervenor-Defendants ("Intervenors") now raise two new arguments that could have been raised at any time in the last four months, in yet another attempt to delay relief in this case. First, Intervenors argue that their September 8, 2023 notice of appeal of this Court's liability determination divested this Court of jurisdiction over the remedial proceedings. This is wrong and should be rejected. Second, Intervenors request an evidentiary hearing. But the parties have had an opportunity to submit proposed maps, briefing, and expert disclosures, no material

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

1

facts are in dispute, and the Court has already ordered an oral argument for February 9 and a hearing in March where all parties can effectively be heard. As a result, Intervenors' motion should be denied.

## ARGUMENT

**I. This Court Has Jurisdiction Over the Remedial Proceedings.**

This Court has jurisdiction to impose a remedial plan notwithstanding the appeal of this Court's liability ruling. The notice of appeal divests the district court of jurisdiction only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). The purpose of this divestiture rule is to "promote judicial economy and avoid the confusion of having the same issues before two courts simultaneously." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002). This partial divestiture accords with Federal Rule of Civil Procedure 62(d) which authorizes a district court to "modify . . . or grant an injunction on terms . . . that secure the [non-appealing] party's rights" while an appeal of a permanent injunction is pending.

Intervenors concede that "an appeal from a supervisory order does not divest the district court of jurisdiction to continue its supervision." Dkt. # 258 at 4 (quoting *Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Local Union*, 536 F.2d 1268, 1276 (9th Cir. 1976)); *see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (holding that district court retains jurisdiction during pendency of appeal to preserve or modify injunction as distinct from re-adjudicating the merits of the case). That concession confirms this Court's jurisdiction over the remedial phase. In cases such as this, where the district court supervises an "ongoing course of conduct," it retains jurisdiction to do so and enter remedial injunctions—even where it

"acts upon or modifies the order from which the appeal was taken." *Board of Education of St. Louis v. State of Missouri*, 936 F.2d 993, 996-96 (8th Cir. 1991) (internal quotation marks and citation omitted). Indeed, just a month ago, the Eighth Circuit issued a ruling confirming a district court's remedial jurisdiction under the circumstances present here. *See* Order, *Turtle Mountain Band of Chippewa Indians v. N.D. Leg. Assembly,* No. 23-3697 (Dec. 20, 2023).

Moreover, the Ninth Circuit has both denied Intervenors' requested stay of the remedial process, and *at Intervenors' request*, acknowledged this Court's jurisdiction over the remedial phase and put merits briefing in abeyance "pending the district court's order adopting a remedial map." Dkt. # 247, 261. In fact, in their abeyance request, Intervenors represented to the Ninth Circuit that an abeyance was appropriate *because the remedial process was proceeding here*, would not prejudice plaintiffs, and they wanted to brief both liability and remedy at the same time. *See, e.g.,* Appellants' Motion to Hold Briefing in Abeyance, *Soto Palmer v. Trevino*, No. 23-35595, (9th Cir. Jan. 5, 2024), ECF No. 48. Intervenors' opposite request to this Court belies their representation to the Ninth Circuit. Further, in light of the Ninth Circuit's order, pausing remedial proceedings now would effectively grant Intervenors the meritless stay they've requested and been denied multiple times here and at the Ninth Circuit. *See* Dkt. # 247. It would also prejudice Plaintiffs and Washington voters by causing confusion and jeopardizing a non-dilutive map for the 2024 election, as this Court has enjoined the current version of LD 15 from being utilized in the upcoming election.

In addition, the remedial map is not an aspect of the pending appeals. No notice of appeal regarding remedy has been filed (nor could it), and the issues currently on appeal concern this Court's finding that the *Gingles* preconditions were met, and that the totality of the circumstances

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

3

demonstrated an unequal opportunity for Latino voters to elect candidates of choice in violation of Section 2 of the VRA. Dkt. # 218 at 28.[1] Thus, this Court is properly within its authority to modify the injunction of the enacted map and maintain its supervisory role of the remedial process.

This retention of remedial authority is standard practice in redistricting cases. *See, e.g., Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 & n.1 (describing how remedial phase advanced as the Supreme Court entertained an appeal from injunction); *Turtle Mountain Band of Chippewa Indians v. Howe*, 2023 WL 9116675 (8th Cir. Dec. 15, 2023) (denying stay of lower court remedial proceedings pending appeal); *Williams v. City of Texarkana*, 32 F.3d 1265, 1267 (8th Cir. 1994) (affirming district court's Section 2 liability determination and subsequent remedial order where remedial process occurred after filing of liability appeal); *Holloway v. City of Virginia Beach,* 21-1533, Dkt. # 29 (4th Cir. July 12, 2021) (granting abeyance pending remedial proceedings in district court); *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 557 (E.D. V.A. 2016) (three-judge court) (rejecting argument that notice of appeal of liability determination divested district court of jurisdiction to impose remedial plan), *application for stay denied*, *Wittman v. Personhuballah*, 577 U.S. 1125 (2016) (Mem.). Indeed, because the current map is permanently enjoined, and Intervenors' efforts to stay that injunction were denied, this Court *must* act to ensure that a map is in place before the 2024 elections. *See Personhuballah*, 155 F. Supp. 3d at 557; *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (holding that, after a violation is found, "[w]hen those with legislative responsibilities do not respond, or the imminence of a state

---

[1] Intervenors' lack of standing to even bring an appeal is of course also a key threshold issue for the Ninth Circuit to address. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013).

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

4

election makes it impractical for them to do so, it becomes the unwelcome obligation of the federal courts" to devise a remedial map).

In arguing that this Court lacks jurisdiction, Intervenors incorrectly read *Coinbase, Inc. v. Bielski*, and mischaracterize Plaintiffs' filings made pursuant to this Court's remedial order.[2] Contrary to Intervenors' suggestions, *Coinbase* applied only in the arbitration context, and specifically to an interlocutory appeal. In *Coinbase*, the "sole question" was whether a trial could proceed in the district court while the question of arbitrability was on appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). In holding that the answer to that question was no, the Court explained that the appeal of arbitrability is essentially an appeal on the question of whether a trial can take place in the district court at all. *Id.* at 741. The Court said nothing that bears on the circumstances of this case. Intervenors misinterpret the holding of *Coinbase* and conflate the question it addressed (must a case go to arbitration rather than trial) with a completely different one (can a remedial process proceed while the liability determination is on appeal). Dkt. # 258 at 3.

Intervenors attempt to characterize Plaintiffs' proposed remedial maps as a motion for relief is also unavailing. *Id.* at 6-7. Plaintiffs' proposed maps were submitted pursuant to this Court's remedial order, Dkt. # 230, and Intervenors' liability appeal, Dkt. # 222, does not divest this Court of jurisdiction over the remedial process. And in any event, Plaintiffs' proposed

---

[2] Intervenors state that the jurisdictional argument did not occur to them until reading Plaintiffs' opposition to the intervention motion of Senator Nikki Torres. But any jurisdictional issue with Sen. Torres' intervention is irrelevant here, as this Court denied Sen. Torres' motion on timeliness, not jurisdictional grounds. Dkt. # 259.

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

5

remedial maps are not a "motion for relief;" they are a Court-ordered part of the ongoing process to remedy a violation of federal law.[3]

Finally, the Eleventh Circuit's decision in *Wright v. Sumter Cnty. Bd. of Elections & Registration*, 979 F.3d 1282, 1303 (11th Cir. 2020), is irrelevant here. In that case, the appellate court deemed the remedy and liability proceedings interconnected only "in light of the peculiar posture of the case" and for the sole purpose of deciding what parts of the record the court would consider in resolving the appeal. *Id.* at 1302. Because the court had already twice reversed the district court's liability rulings and specifically directed the lower court to begin remedial proceedings, the court determined that it would consider both records in resolving the appeal. *Id.* The case did not address, let alone lend support for, Intervenors' jurisdictional theory.

The bottom line is this: this Court retains jurisdiction over the remedial process while Intervenors appeal the liability finding. This Court and the Ninth Circuit have already denied Intervenors' motions to stay these proceedings, and this motion is little more than a restyled request for the same previously denied relief. Intervenors also asked the Ninth Circuit to hold liability briefing in abeyance pending the conclusion of the remedial process in this Court, which they now ask this Court to suspend because of their Ninth Circuit appeal. Dkt. # 258. This brazen effort to game the appellate rules and compound delay should be rejected. This Court has the authority—and the obligation—to proceed in the remedial process to ensure a map is in place in time for the 2024 election.

---

[3] Intervenors make reference to Plaintiffs' proposed maps 1-5, submitted on December 1, Dkt. # 245-1, but perplexingly ignore the modified proposals 1A-5A submitted on December 22, Dkt. # 254-1. This omission undercuts Intervenors' bizarre assertion that Plaintiffs' initial remedial opening brief was a motion for relief.

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

6

**II. No Dispute of Material Fact Exists, and the Court Has Already Ordered a Hearing and Oral Argument.**

There are no contested issues of material fact warranting an evidentiary hearing as the Intervenors claim. And, in any event, the Court has already received briefs and supporting materials from the parties, scheduled an oral argument for the parties to be heard on remedial proposals, and ordered that a hearing will be held in early March on the court-preferred remedial map, *see* Dkt. # 246 at 3 ("The Court will, however, schedule a hearing in the beginning of March to discuss the Court's preferred remedial option"). No more is necessary here.

To begin, what Intervenors claim are contested facts are not. Instead, Intervenors raise a mix of legal disputes, inconsequential quibbles, and topics they would "like to discuss." Dkt. # 258 at n.2. These are a far cry from the material disputed facts about feasibility of asset division, customer impact, shareholder effect, and societal benefit at issue in *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001), which Intervenors cite on this point.

For example, Intervenors identify as disputed facts Dr. Oskooii's statement that the maps he drew respect relevant redistricting criteria and the Court's order, and Dr. Collingwood's opinion that Plaintiffs' remedial maps comply with Section 2. Dkt. #258 at 9. But to the extent these issues raise legal questions, those are for the Court to decide, and to the extent they raise technical mapping questions, Intervenors and their experts *already* had a chance to respond, and the Special Master can address them. They also claim that the "location of incumbents" is contested, but that is wrong. There is no identified factual dispute about incumbent addresses, and any addresses can be verified easily by the Special Master with data from the Secretary of State. Next, they claim that "adjusting partisan performance in non-Yakima Valley districts" is a contested fact, but that

PLAINTIFFS' RESPONSE TO
INTERVENOR-DEFENDANTS'
MOTION TO SUSPEND REMEDIAL
PROCEEDINGS OR ORDER
AN EVIDENTIARY HEARING

7

was discussed at length in both parties' briefs and expert reports, is irrelevant to the issue at hand, and is likewise verifiable or could be altered by the Special Master. Finally, Intervenors claim "what data was consulted by the experts while creating and analyzing Plaintiffs' proposed remedial maps," is contested. Not so. This data was fully disclosed and outlined in Plaintiffs' expert reports, no material dispute actually exists. *See id.* at 9 n.2. In a footnote, Intervenors list further subjects they "would like to discuss" with Plaintiffs' experts, but such a desire is irrelevant and has no basis in the law. Dkt. # 258 at 9.

In any event, the parties have already been given sufficient opportunity to be heard. Each party had the chance to submit remedial proposals, accompanying briefs, and expert materials. Indeed, Intervenors submitted a response brief and expert report discussing Plaintiffs' proposals, after declining to submit any maps of their own. Dkt. # 251, 252. *See, e.g., Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (holding that "[t]he opportunity to brief the issue fully satisfies due process requirements"). Moreover, the Court has already scheduled an oral argument on remedial proposals for February 9, in addition to a remedial hearing that will take place in early March. These hearings, along with prior briefing and expert disclosures, will provide an opportunity for all parties to be heard with regard to remedial proposals and the remedial map that the Court prefers.

## CONCLUSION

For the reasons stated above, Intervenors' motion to suspend remedial proceedings or order an evidentiary hearing should be denied.

| | |
|---|---|
| Dated: February 5, 2024 | Respectfully submitted, |
| | By: */s/ Mark P. Gaber* |
| Edwardo Morfin | Mark P. Gaber* |
| WSBA No. 47831 | Simone Leeper* |
| MORFIN LAW FIRM, PLLC | Aseem Mulji* |
| 2602 N. Proctor Street, Suite 205 | Benjamin Phillips* |
| Tacoma, WA 98407 | CAMPAIGN LEGAL CENTER |
| Telephone: 509-380-9999 | 1101 14th St. NW, Ste. 400 |
| | Washington, DC 20005 |
| Chad W. Dunn* | mgaber@campaignlegal.org |
| Sonni Waknin* | sleeper@campaignlegal.org |
| UCLA VOTING RIGHTS PROJECT | amulji@campaignlegal.org |
| 3250 Public Affairs Building | bphillips@campaignlegal.org |
| Los Angeles, CA 90095 | |
| Telephone: 310-400-6019 | Annabelle E. Harless* |
| Chad@uclavrp.org | CAMPAIGN LEGAL CENTER |
| Sonni@uclavrp.org | 55 W. Monroe St., Ste. 1925 |
| | Chicago, IL 60603 |
| Thomas A. Saenz* | aharless@campaignlegal.org |
| Ernest Herrera* | |
| Leticia M. Saucedo* | |
| Erika Cervantes* | |
| MEXICAN AMERICAN LEGAL | |
| DEFENSE AND EDUCATIONAL | *Counsel for Plaintiffs* |
| FUND | *Admitted pro hac vice |
| 643 S. Spring St., 11th Fl. | |
| Los Angeles, CA 90014 | |
| Telephone: (213) 629-2512 | |
| tsaenz@maldef.org | |
| eherrera@maldef.org | |
| lsaucedo@maldef.org | |
| ecervantes@maldef.org | |

PLAINTIFFS' RESPONSE TO INTERVENOR-DEFENDANTS' MOTION TO SUSPEND REMEDIAL PROCEEDINGS OR ORDER AN EVIDENTIARY HEARING

9

**CERTIFICATE OF SERVICE**

I certify that all counsel of record were served a copy of the foregoing this 5th day of February 2024, via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber
*Counsel for Plaintiffs*
