The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVEN HOBBS, in his official capacity as Secretary of State of Washington, et al., <br><br> *Defendants*, <br><br> and <br><br> JOSE TREVINO et al., <br><br> *Intervenor-Defendants*. | Case No.: 3:22-cv-5035-RSL <br><br> INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SUSPEND REMEDIAL PROCEEDINGS FOR WANT OF JURISDICTION OR ORDER AN EVIDENTIARY HEARING <br><br> NOTE ON MOTION CALENDAR: <br> February 9, 2024 |

Intervenor-Defendants respectfully submit this reply in support of their motion to suspend remedial proceedings for want of jurisdiction pending appeal or alternatively for an evidentiary hearing (the "Motion"). Plaintiffs opposed both requests, while the State of Washington (the "State") only opposed the motion to suspend but "defers to the Court's preference" as to whether to hold an evidentiary hearing. State Opp. at 3 n.1. As set forth below, the oppositions lack merit.

## ARGUMENT

**A. This Court Should Issue An Order Finding It Lacks Jurisdiction To Adopt A Remedial Map.**

As Intervenor-Defendants explained previously, because this Court entered final judgment from which an appeal was taken, this Court lacks jurisdiction to conduct remedial proceedings.

---

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SUSPEND REMEDIAL PROCEEDINGS OR ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

1

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

1  Plaintiffs are correct in observing (at 2) that, as a descriptive matter, "courts routinely proceed with remedial measures even while liability appeals are pending." But many of the cases cited do so without explanation—and have not seriously attempted to reconcile that approach with the bedrock principle that "[a] final judgment 'end[s] the litigation on the merits and leave[s] nothing for the court to do but execute the judgment.'" *Demartini v. Demartini*, Nos. 19-16603, 19-16940, 2023 U.S. App. LEXIS 15034, at *2 (9th Cir. June 16, 2023) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). And "[w]hen a judgment is appealed, jurisdiction over the case passes to the appellate court." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). *See also Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) ("The United States Supreme Court has affirmed the general rule that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.'") (quoting *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017)).

It is well established that "'[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, *are not to be considered as having been so decided as to constitute precedents*.'" *Cooper Indus. v. Aviall Servs.*, 543 U.S. 157, 170 (2004) (emphasis added) (citation omitted). Thus, the cases that Plaintiffs and the State cite conducting remedial proceedings without analyzing the courts' jurisdiction to do so are not binding here. Indeed, the Supreme Court has "never considered itself bound by prior *sub silentio* holdings when a subsequent case finally brings the jurisdictional issue before us." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63 n.4 (1989) (citation and alterations omitted). This Court is equally not bound by the prior unreasoned actions of other courts.

Instead, what is controlling is the Supreme Court's actual holdings—including the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023). Despite the efforts to shunt *Coinbase* to the side, that case materially changed governing jurisdictional doctrines by applying—for the first time—Judge Easterbrook's test for deciding when an aspect of a case is essentially involved in an appeal: whether that aspect the appellate court is deciding determines whether the "the litigation may go forward in the district court." *Coinbase*, 143 S. Ct.

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO
SUSPEND REMEDIAL PROCEEDINGS OR
ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

2

Chalmers, Adams, Backer & Kaufman, LLC
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

at 1920 (2023) (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). As established in the Motion, the nature of Section 2 cases is such that any "district court's remedial proceedings bear directly on and are inextricably bound up in its liability findings." *Wright v. Sumter Cty. Bd. of Elections & Registration*, 979 F.3d 1282, 1302–03 (11th Cir. 2020). Vacatur or reversal of those liability findings means that the remedial litigation in the district court would stop. Therefore, *Coinbase* explicitly precludes the unreasoned practice that has generally prevailed in district courts until now.

To be clear, this Court's lack of jurisdiction to conduct remedial proceedings hardly presents an insuperable obstacle. Indeed, Federal Rule of Civil Procedure 62.1 explicitly addresses circumstances such as these and provides procedures for this Court to issue an indicative ruling. Rule 62.1 thus provides district courts in these types of cases unassailable safe harbor when their jurisdiction to grant relief is (as here) lacking or questionable: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. Thus, if this Court elects to proceed with remedial issues while Intervenor-Defendants' appeal is pending, it should issue any decision as an indicative ruling.

**B. <u>An Evidentiary Hearing Is Required On The Contested Remedial Issues</u>**

The Ninth Circuit's rule requiring evidentiary hearings is categorical: "the entry or continuation of an injunction requires a hearing. Only when the facts are not in dispute, or when the adverse party has waived its right to a hearing, can that significant procedural step be eliminated." *Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir. 1988). Indeed, "[i]t is a cardinal principle of our system of justice that factual disputes must be heard in open court and resolved through trial-like evidentiary proceedings." *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001) (en banc).

Plaintiffs remarkably do not even *acknowledge Charlton*, let alone explain why it is not controlling here. And Plaintiffs only attempt (at 7) to distinguish *Microsoft* on its facts, rather than

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO
SUSPEND REMEDIAL PROCEEDINGS OR
ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

3

Chalmers, Adams, Backer & Kaufman, LLC
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

meaningfully grapple with its "cardinal principle." Moreover, that distinction cannot withstand scrutiny: *Microsoft*, as here, involved disputes as to the appropriate scope of injunctive relief. There, as here, an evidentiary hearing is required to resolve those material disputes. 253 F.3d at 101.

Although ignored by Plaintiffs, *Charlton* controls here. There is no waiver (nor do Plaintiffs even argue as much). Plaintiffs do offer a cursory suggestion (at 7) that "[t]here are no contested issues of material fact warranting an evidentiary hearing." But the Ninth Circuit has been perfectly clear that *any* genuine issues of material fact regarding the scope of injunctive relief requires an evidentiary hearing. *Charlton*, 841 F.2d at 989. And such issues plainly exist here.

Indeed, this case presents the paradigmatic fact pattern demanding an evidentiary hearing or trial: "[C]ompeting expert opinions present the 'classic battle of the experts' and it is up to a jury to evaluate what weight and credibility each expert opinion deserves." *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005) (citation omitted) (cleaned up). Thus, "a battle of experts [creates] a material issue of fact, which cannot be decided at summary judgment as a matter of law." *Scott v. Henrich*, 39 F.3d 912, 918 (9th Cir. 1994). Further, Plaintiffs misleadingly criticize Dr. Trende's past history as an expert, while omitting circumstances where Dr. Oskooii's maps have been struck down by courts. *See, e.g., Harkenrider v. Hochul*, 2022 NY Slip Op 31471(U), ¶¶ 18-19 (Sup. Ct.) (Court relies on analysis performed by Dr. Trende); *Szeliga v. Lamone*, 2022 Md. Cir. Ct. LEXIS 9, *76-110 (Court discusses reliable testimony of Dr. Trende and said: "Mr. Trende's presentation was an example of a deliberate, multifaceted, and reliable presentation that this fact finder found and determined to be very powerful . . . Mr. Trende[] use[d] [] reliable valid measures that have been accepted in other state courts, such as simulations in North Carolina and Pennsylvania . . . .").

Plaintiffs attempt to sidestep *Charlton* by casting aspersions on Dr. Trende's expert submissions. That effort fails at the threshold: because Plaintiffs have not filed a *Daubert* motion to exclude Dr. Trende's submissions, they have at most raised issues regarding the *relative weight* to be given to competing expert reports. Without an evidentiary hearing or trial, "weighing the credibility of the competing expert reports amounts to improper fact-finding." *Phillips*, 400 F.3d

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO
SUSPEND REMEDIAL PROCEEDINGS OR
ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

4

Chalmers, Adams, Backer & Kaufman, LLC
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

at 399. Instead, "[o]nly after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved." *SEC v. M&A W., Inc.*, 538 F.3d 1043, 1055 (9th Cir. 2008).

Nor can this Court rely on its prior trial to resolve the contested *remedial* issues. Notably, *none* of the proposed maps were then before this Court. And neither of Plaintiffs' and Intervenor-Defendants' experts (Dr. Oskooii and Dr. Trende, respectively) offered testimony or reports at the merits stage, so this Court could not have even conceivably have resolved the disputes between them through their direct and cross-examination.

But even if Plaintiffs could eliminate genuine issues of material fact by cursory legal arguments, they have not done so here. Intervenor-Defendants can and would demonstrate the inadequacies of Plaintiffs' expert submissions in an evidentiary hearing. But a few points bear highlighting now to illustrate the genuine issues of fact presented. For example, genuine disputes remain as to how much change is necessary to remedy the "inequality in [] electoral opportunities" found by the Court in its Memorandum of Decision. Dkt. # 218 at 32. Does the remedial district need to perform by 5 points? 13 points? 20 points? What constitutes a meaningful change in partisan performance? Dr. Oskooii contends that there was no "meaningful change in partisan performance" (Page 45, Rebuttal Report). But what does "meaningful" mean? Dr. Trende has opined that even a 1-2 point partisan shift in a district can be very meaningful, particularly in close districts. While Dr. Oskooii disagrees, his opinion is hardly so conclusive as to eliminate all genuine dispute on the issue. These are the types of unsettled and factually contested questions that require both experts to be subject to cross-examination and the crucible of trial proceedings. Indeed, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970); *accord Microsoft*, 253 F.3d at 101 ("A party has the right to judicial resolution of disputed facts not just as to the liability phase, but also as to appropriate relief."); *cf.* Order Granting Motion to Intervene, Dkt. # 69 at 9 ("[I]ntervenors' insertion into th[e case] would restore the normal adversarial nature of litigation . . . .").

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO
SUSPEND REMEDIAL PROCEEDINGS OR
ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

5

Chalmers, Adams, Backer & Kaufman, LLC
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

## CONCLUSION

For the foregoing reasons, Intervenor-Defendants respectfully request that this Court place all remedial proceedings in this case in abeyance. Alternatively, if this Court conducts remedial proceedings, it must hold an evidentiary hearing to resolve the disputed issues of fact as to the appropriate remedy to be entered.

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO
SUSPEND REMEDIAL PROCEEDINGS OR
ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

6

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

DATED this 8th day of February, 2024.

Respectfully submitted,

*s/ Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA No. 46097
CHALMERS, ADAMS, BACKER & KAUFMAN, LLC
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
T: (206) 813-9322
dstokesbary@chalmersadams.com

Jason B. Torchinsky (admitted pro hac vice)
Phillip M. Gordon (admitted pro hac vice)
Andrew B. Pardue (admitted pro hac vice)
Caleb Acker (admitted pro hac vice)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
T: (540) 341-8808
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
apardue@holtzmanvogel.com
cacker@holtzmanvogel.com

Dallin B. Holt (admitted pro hac vice)
Brennan A.R. Bowen (admitted pro hac vice)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
Esplanade Tower IV
2575 East Camelback Rd
Suite 860
Phoenix, AZ 85016
T: (540) 341-8808
dholt@holtzmanvogel.com
bbowen@holtzmanvogel.com

*Counsel for Intervenor-Defendants*

I certify that this memorandum contains 1,708 words, in compliance with the Local Civil Rules.

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SUSPEND REMEDIAL PROCEEDINGS OR ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

7

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Washington through the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 8th day of February, 2024.

          Respectfully submitted,

          *s/ Andrew R. Stokesbary*
          Andrew R. Stokesbary, WSBA No. 46097

          *Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO SUSPEND REMEDIAL PROCEEDINGS OR ORDER AN EVIDENTIARY HEARING
No. 3:22-cv-5035-RSL

8

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920