The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| SUSAN SOTO PALMER et al., | |
| *Plaintiffs*, | |
| v. | Case No.: 3:22-cv-5035-RSL |
| STEVEN HOBBS, in his official capacity as Secretary of State of Washington, et al., | INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THER MOTION TO EXTEND TIME OF, AND ESTABLISH PROCEDURES FOR, REMEDIAL EVIDENTIARY HEARING |
| *Defendants*, | |
| and | |
| JOSE TREVINO et al., | |
| *Intervenor-Defendants*. | |

After conferring with counsel for Plaintiffs and reviewing their recent opposition (in-part) to Intervenor-Defendants' requests surrounding the upcoming remedial evidentiary hearing, there appears to be only on true area of disagreement: Whether a half-day is sufficient for purposes of the remedial evidentiary hearing in this matter. It is not. Not only is failure to conduct a sufficient evidentiary hearing contrary to Ninth Circuit precedent, it is a violation of the Due Process rights of Intervenor-Defendants.

This Reply will primarily focus length of the hearing but will also touch briefly on a few tangential stones thrown by Plaintiffs in their Response. Intervenor-Defendants have already briefed at length why a remedial evidentiary hearing is not just a good idea but is *required* in the present remedial posture where clear factual disputes exist between the different remedial experts

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO EXTEND TIME OF, AND
ESTABLISH PROCEDURES FOR, REMEDIAL HEARING
No. 3:22-cv-5035-RSL

1

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

1   that have filed reports in this matter. (*See* Dkt. ## 258, 264.) Intervenor-Defendants adopt these

2   arguments by reference herein.

3       Simply put, the Ninth Circuit requires that a court conduct an evidentiary hearing prior to

4   the entry or continuation of an injunction, and "[o]nly when the facts are not in dispute, or when

5   the adverse party has waived its right to a hearing, can that significant procedural step [i.e., an

6   evidentiary hearing] be eliminated." *Charlton v. Estate of Charlton*, 841 F.2d 988, 989 (9th Cir.

7   1988). Here, three expert witnesses—two of whom did not appear in the merits stage of this case—

8   will be questioned at the upcoming evidentiary hearing. Principally, Dr. Oskooii, a remedial expert

9   for Plaintiffs and the drawer of proposed Remedial Map 3A—which "the court is leaning towards"

10   (*see* Hr'g Tr., 30:24-25, Feb. 9, 2024)—will deliver live testimony to the Court for the first time

11   at this evidentiary hearing.

12       Before Dr. Oskooii's Remedial Map 3A replaces the Enacted Map created through the

13   constitutionally-mandated bi-partisan redistricting process, Intervenor-Defendants would like to

14   ascertain, among other matter, why it is necessary in Remedial Map 3A to: (1) redistrict 526,621

15   total residents and completely adjust the districts in Eastern Washington in the middle of the

16   decennial redistricting process; (2) adjust partisan leanings in far-flung districts not subject of

17   Plaintiffs' lawsuit—namely LD-12 and LD-17; (3) fail to honor the repeated requests of the

18   Yakama Nation by including off-reservation tribal lands in the same district as the reservation

19   lands—despite this being done by the Redistricting Commission in the Enacted Map; and (4) adjust

20   13 total enacted districts to effectuate a limit-scope remedy focused solely on the Yakima Valley.

21   (*See* Expert Report of Sean P. Trende, Ph.D., Dkt. # 251.)

22       Discussing these matters with Dr. Oskooii on cross-examination will take time. Dr. Oskooii

23   claims all his changes in Remedial Map 3A were necessary to effectuate a remedy—Intervenor-

24   Defendants disagree. Dr. Trende, Intervenor-Defendants' remedial expert, was able to create a

25   map that not only respected the requests of the Yakama Nation, but also performed for

26

27

Latino-preferred candidates in the Yakima Valley[1]—all while only adjusting three of 49 total enacted districts, redistricting only 87,230 residents and providing a higher HCVAP than Plaintiffs' Remedial Map 3A. (*See* Supplemental Expert Report of Sean P. Trende, Ph.D., Dkt. # 273 at 12-13.) Weighty factual disputes exist between the Parties—and, given the benefit of the merits trial in this matter and seeing how the Parties examined expert witnesses there, it is abundantly clear that a single Friday afternoon will *not* provide the Parties sufficient time to adequately examine the three experts who have provided written expert reports during the remedial process.

Lastly, Plaintiffs contend without support that the map discussed by Dr. Trende in his Supplemental Report of February 23, 2024, is untimely and should be stricken from the record. To the contrary, (1) Dr. Oskooii provided five additional maps after the Court's deadline for proposed remedial maps; (2) the Yakama Nation Inclusion Proposed Alterative Map was created by Dr. Trende at a later juncture in the remedial process after the Court had solicited information regarding the Yakama Nation's off-reservation lands—this additional map encompassed much of the work Dr. Trende performed at the request of the Court surrounding the Yakama Nation off-reservation lands; and (3) this map was also created to respond to the unsupported assertions of Plaintiffs' remedial experts that it is necessary to relocate over 526,000 Washington residents, adjust the boundaries 13 enacted districts, and deny the Yakama Nation important off-reservation tribal lands in their legislative district in Remedial Map 3A. It was not until the February 9, 2024, hearing that the Parties learned that the Court was leaning towards Remedial Map 3A—thus, Dr. Trende was not provided a prior opportunity to opine on Remedial Map 3A. (Plaintiffs' additional five proposed remedial maps were not disclosed until January 5, 2024, after Dr. Trende had already submitted his initial report on December 22, 2023.)

At the end of the day, the more data and testimony the Court (and by extension, the Court's Special Master) has, the better the remedial map drawing process will be.

---

[1] *See* Expert Report of Dr. Loren Collingwood, Dkt. # 278 at 3 (showing the Latino-preferred candidate would have prevailed in Intervenors' Proposed LD-15 in all eight elections analyzed).

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO EXTEND TIME OF, AND
ESTABLISH PROCEDURES FOR, REMEDIAL HEARING
No. 3:22-cv-5035-RSL

3

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920

1     DATED this 4th day of March, 2024.

2                                              Respectfully submitted,

3                                              *s/ Andrew R. Stokesbary*

4                                              Andrew R. Stokesbary, WSBA No. 46097
                                               CHALMERS, ADAMS, BACKER & KAUFMAN, LLC
5                                              701 Fifth Avenue, Suite 4200
                                               Seattle, WA 98104
6                                              T: (206) 813-9322
                                               dstokesbary@chalmersadams.com
7
                                               Jason B. Torchinsky (admitted pro hac vice)
8                                              Phillip M. Gordon (admitted pro hac vice)
                                               Andrew B. Pardue (admitted pro hac vice)
9                                              Caleb Acker (admitted pro hac vice)
                                               HOLTZMAN VOGEL BARAN
10                                             TORCHINSKY & JOSEFIAK PLLC
                                               15405 John Marshall Hwy
11                                             Haymarket, VA 20169
                                               T: (540) 341-8808
12                                             jtorchinsky@holtzmanvogel.com
                                               pgordon@holtzmanvogel.com
13                                             apardue@holtzmanvogel.com
                                               cacker@holtzmanvogel.com
14
                                               Dallin B. Holt (admitted pro hac vice)
15                                             Brennan A.R. Bowen (admitted pro hac vice)
                                               HOLTZMAN VOGEL BARAN
16                                             TORCHINSKY & JOSEFIAK PLLC
                                               Esplanade Tower IV
17                                             2575 East Camelback Rd
                                               Suite 860
18                                             Phoenix, AZ 85016
                                               T: (540) 341-8808
19                                             dholt@holtzmanvogel.com
                                               bbowen@holtzmanvogel.com
20
                                               *Counsel for Intervenor-Defendants*
21
                                               I certify that this memorandum contains 856
22                                             words, in compliance with the Local Civil Rules.

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Washington through the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 4th day of March, 2024.

Respectfully submitted,

*s/ Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA No. 46097

*Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO EXTEND TIME OF, AND
ESTABLISH PROCEDURES FOR, REMEDIAL HEARING
No. 3:22-cv-5035-RSL

5

**Chalmers, Adams, Backer & Kaufman, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 207-3920