1

The Honorable Robert S. Lasnik

2

3
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

4

5

6
SUSAN SOTO PALMER, et. al.,

*Plaintiffs*,

7
v.

8
STEVEN HOBBS, et. al.,

9
*Defendants*,

10
and

11
JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA,

12

13
*Intervenor-Defendants*.

Case No.: 3:22-cv-05035-RSL

Judge: Robert S. Lasnik

**PLAINTIFFS' NOTICE OF FILING REMEDIAL MAP 3B AND PROPOSED ORDER**

14

15

16
    At the March 8, 2024 hearing, the Court requested that Plaintiffs make alterations to their

17
proposed Remedial Map 3A to address "trapped polygon"[1] issues identified in two declarations of

18
Nicholas Pharris—the Support Lead for the VoteWA/TotalAddress election management system

19
in the Elections Division of the Office of the Secretary of State—*see* Docs. 270 & 286, as well as

20
to incorporate three public domain land parcels identified by the Yakama Nation that were on the

21
border of the original version of proposed Map 3A, *see* Docs. 272 at 5-12; Doc. 277 at 6 n.5.

22

23

24
---
[1] A "trapped polygon" in this instance refers to a small area of land that would be in a different

25
legislative district than the balance of its corresponding city council or county commissioner district and thus, without modifications to the legislative map, may necessitate the creation of and

26
additional precinct.

PLAINTIFFS' NOTICE OF FILING
REMEDIAL MAP 3B AND PROPOSED ORDER

1

Plaintiffs have addressed these issues as follows and submit Map 3B (renamed to avoid confusion) reflecting these changes by email to the Court, the special master, and the parties. As Mr. Pharris's declarations note, most changes affect zero or very few people and thus the map's characteristics— and remedial performance—are unaffected.

**Public Domain Land Parcels**. Plaintiffs have adjusted Map 3A to include within Legislative District ("LD") 14 the three parcels identified in the Yakama Nation's filing, Doc. 272, that Dr. Oskooii identified to be resolved, Doc. 277 at 6 n.5.

**"Trapped Polygons" Remedied by Shifting Full Census Blocks**. Most of the "trapped polygons" identified in Mr. Pharris's declaration can be remedied by shifting entire Census Blocks between districts, as Mr. Pharris suggested. Plaintiffs have adjusted Map 3A to make all of Mr. Pharris's recommended adjustments—remedying the issues described in paragraph 9-17 and 19-22 of his initial declaration, Doc. 270, and the sole issue raised in his second declaration, Doc. 286.

**"Trapped Polygons" Requiring Census Block Splits.** Four of the "trapped polygons" identified by Mr. Pharris are the result of cities annexing *portions* of Census Blocks in the time since the 2020 Census was completed, such that the city boundaries do not align with Census Block boundaries. It is advisable that these polygons be addressed in the remedial map as they contain a handful of voters, and voter privacy is best maintained by avoiding the need to create new precincts containing 1-2 voters each. Plaintiffs and the Secretary have conferred in the time since the March 8 hearing and have concluded that the best way to address this category[2] is for the Court to describe

---

[2] The redistricting software available to Plaintiffs cannot readily split Census Blocks, but the Secretary has confirmed he can implement a map the Court orders with split Census Blocks. As Mr. Pharris's declaration notes, only seven voters are affected so there is no effect on the population deviation of the districts. Doc. 270, ¶¶ 23-26. Several other states have some split Census Blocks in their legislative districts. *See* United States Census Bureau, State Legislative

the required adjustments in its remedial order, which the Secretary can then implement. Plaintiffs have attached to this Notice a Proposed Order that includes suggested language—which has been reviewed by the Secretary and confirmed to resolve the identified issues—that would adopt Map 3B with this category of "trapped polygons" remedied as suggested by Mr. Pharris's declaration.

**Klickitat County/Yakama Nation Border**. Klickitat County's Commissioner District boundaries do not adhere to the Yakama Nation Reservation boundary. As a result, there are five small, unpopulated areas of land where the "trapped polygon" issue arises, as noted in paragraph 18 of Mr. Pharris's initial declaration, Doc. 270. There are two ways to address this issue.

First, the legislative boundary can remain as it is in Plaintiffs' proposal. This approach will respect the boundary of the Yakama Nation Reservation in the legislative map but will require Klickitat County to do one of two things: (1) it can adjust the boundary between County Commissioner Districts 1 and 2 to match the Yakama Nation Reservation boundary in the area identified in paragraph 18 of Mr. Pharris's declaration or (2) it can create one or more new, zero-population precinct(s) to include the "trapped polygon" territory.

Second, the legislative boundary in Map 3A can be adjusted to match the boundary of Klickitat County Commissioner Districts 1 and 2 in the area identified in paragraph 18 of Mr. Pharris's declaration. This would leave a small, unpopulated portion of the Yakama Nation Reservation outside of LD14, but would eliminate the "trapped polygon" issue.

Plaintiffs believe the most appropriate choice is the first option, *i.e.*, to respect the Yakama Nation Reservation boundary in the legislative map. Plaintiff would encourage the Klickitat County Commission to make a minor adjustment to the boundaries of its county commissioner

Districts, https://www.census.gov/programs-surveys/decennial-census/about/rdo/state-legislative-district.html.

district to conform to the Yakama Nation's Reservation boundary in this region. Regardless of how Klickitat County addresses the issue, however, the Secretary built time into the schedule for these types of adjustments when he requested a remedial map be determined by March 2024. *See* Doc. 179. And zero people are affected regardless of how the county chooses to respond.[3]

The attached Proposed Order adopts Map 3B, which makes all the corrections noted above, and orders the implementation of that map with the minor adjustments necessary to remedy the partial Census Block trapped polygons. Adopting this proposed order will ensure that zero people are affected by any of the issues raised in Mr. Pharris's declarations and minimize the need for county-level changes to implement the map.

Dated: March 14, 2024

By: */s/ Mark P. Gaber*

Chad W. Dunn*
Sonni Waknin*
UCLA Voting Rights Project
3250 Public Affairs Building
Los Angeles, CA 90095
Telephone: 310-400-6019
Chad@uclavrp.org
Sonni@uclavrp.org

Mark P. Gaber*
Simone Leeper*
Aseem Mulji*
Benjamin Phillips*
Campaign Legal Center
1101 14th St. NW, Ste. 400

Edwardo Morfin
WSBA No. 47831
Morfin Law Firm, PLLC
2602 N. Proctor Street, Suite 205
Tacoma, WA 98407
Telephone: 509-380-9999

Annabelle E. Harless*
Campaign Legal Center
55 W. Monroe St., Ste. 1925
Chicago, IL 60603
aharless@campaignlegal.org

Thomas A. Saenz*
Ernest Herrera*

---

[3] If the Court disagrees and concludes that it is better to ensure that zero "trapped polygons" remain to be addressed by the county, it can add the following sentence to the list of adjustments in Plaintiffs' Proposed Order: "Reassign Klickitat County Census Blocks 530399501012106, 530399501012105, 530399501012112, and 530399501012114 from LD14 to LD17; reassign Klickitat County Census Block 530399503022058 from LD17 to LD14."

PLAINTIFFS' NOTICE OF FILING                                    4
REMEDIAL MAP 3B AND PROPOSED ORDER

Washington, DC 20005
mgaber@campaignlegal.org
sleeper@campaignlegal.org
amulji@campaignlegal.org
bphillips@campaignlegal.org

 *Admitted pro hac vice

*Counsel for Plaintiffs*

Leticia M. Saucedo*
Erika Cervantes*
Mexican American Legal Defense
 and Educational Fund
643 S. Spring St., 11th Fl.
Los Angeles, CA 90014
Telephone: (213) 629-2512
tsaenz@maldef.org
eherrera@maldef.org
lsaucedo@maldef.org
ecervantes@maldef.org

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify that all counsel of record were served a copy of the foregoing this 13th day of March, 2024 via the Court's CM/ECF system.

/s/ Mark P. Gaber
Mark P. Gaber
Counsel for Plaintiffs