The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

SUSAN SOTO PALMER, et. al.,

*Plaintiffs*,

v.

STEVEN HOBBS, et. al.,

*Defendants*,
and

JOSE TREVINO, ISMAEL CAMPOS, and ALEX YBARRA,

*Intervenor-Defendants*.

Case No.: 3:22-cv-05035-RSL

Judge: Robert S. Lasnik

**PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO EXPEDITE CONSIDERATION OF THEIR MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)**

Intervenors' motion to expedite consideration of their Rule 60(b) Motion lacks good cause and should be denied. Intervenors—who the Ninth Circuit held lack standing to appeal this Court's liability judgment—now seek to vacate both the Court's liability determination and remedial order establishing the legislative districts that residents of the Yakima Valley are *currently* using to elect representatives in an *ongoing* election season. Numerous candidates have already announced they are running in state legislative districts across the state, including LD 14. In essence, Intervenors' motion seeks to categorically impose their contested interpretation of *Louisiana v. Callais*, Nos.

PLAINTIFFS' OPPOSITION TO
INTERVENOR-DEFENDANTS'
MOTION TO EXPEDITE

1

24-109 & 24-110, 608 U.S. _ (2026), and their accompanying assumption that Plaintiffs no longer have a cause of action under Section 2, on the parties here and disrupt elections for all Washington voters. On that flimsy basis alone, they demand that this Court reassess and overturn its prior judgments, which relied on a voluminous factual record, under the Supreme Court's newly announced Section 2 framework in *Callais*. However, this Court lacks jurisdiction to do so, as both judgments are currently on appeal. Moreover, Intervenors' request that this Court's orders and an ongoing election be undone with briefing over the course of *three days* is unjustified and prejudicial. Nothing warrants such an imprudent compression of time on a motion of such consequence.

First, Intervenors' 60(b) Motion fails at the threshold. Their appeal has divested this Court of jurisdiction to entertain the motion at all. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). And as for the appeal itself, the Ninth Circuit held that neither Intervenor Trevino nor Intervenor Ybarra has standing to appeal this Court's liability finding, nor to challenge the remedial district under Section 2 of the VRA. *Soto Palmer v. Hobbs*, 150 F.4th 1131, 1141, 1143-44 (9th Cir. 2025).[1] Though neither Intervenor raised a racial gerrymandering objection to the remedial map during the remedial proceedings, *id.* at 1145, the Ninth Circuit found that Intervenor Trevino had standing to appeal on that basis, considered the issue within its sound discretion, and denied Intervenors' claims. *Id.* But the relief Intervenors now seek—reinstatement of the Prior Map—is irreconcilable with the position they are now advancing before the Supreme Court. In their pending cert petition, Intervenors argue that the Prior Map's LD 15 is itself a racial

---

[1] Intervenor Campos also lacks standing to appeal and "provided no clue" as to what harm he might have suffered. *Soto Palmer*, 150 F.4th at 1141. Though he has filed no motion for dismissal, based on his absence from the case caption in Intervenors' latest filing, Mr. Campos appears to no longer be pursuing any relief in this case.

PLAINTIFFS' OPPOSITION TO
INTERVENOR-DEFENDANTS'
MOTION TO EXPEDITE

2

gerrymander they were denied the opportunity to challenge in this Court. *Trevino v. Hobbs*, No. 25-918, cert pet. at 8. They cannot now ask this Court to restore it.[2]

Second, Intervenors invoke the rapidly approaching May 8 candidate filing deadline, but it does not support the extreme expedition they seek. The *Purcell* principle instead cuts sharply against it. *Purcell v. Gonzalez*, 549 U.S. 1 (2006). Rushing to change the map when candidates are already filing and actively campaigning is exactly the sort of last-minute alteration of election rules that federal district courts have consistently been instructed to avoid. *See Abbott v. LULAC*, 146 S. Ct. 418, 419 (2025); *Merrill v. Milligan*, 142 S. Ct. 879, 880-81 (2022) (Kavanaugh, J., concurring). Extending the filing window and swapping the maps even closer to the election, as Intervenors propose in the alternative, would represent significant federal intrusion into the State's election calendar and cause substantial confusion and disruption to candidates, voters, and election officials alike, amid an already active primary campaign.[3] These effects far outweigh any harm from proceeding under the existing map.

This Court recognized as much when it denied Plaintiffs' motion for preliminary injunction against the Prior Map filed in February 2022, months earlier in that election year—even though Plaintiffs presented much more evidence and the Court ultimately concluded that map violated Section 2. Dkt. # 66. This Court denied Plaintiffs' motion for preliminary injunction on April 13, 2022, citing the upcoming May 16-20 candidate filing period and the primary election to be held

---

[2] The attorneys for Intervenors here also represent another client that claims the old version of LD 15 is unconstitutional, which makes their request—to overturn one "unconstitutional" map in order to restore another for the 2026 election—even more puzzling.
[3] Public Disclosure Commission, https://www.pdc.wa.gov/political-disclosure-reporting-data/browse-search-data/candidates?election_year=2026&jurisdiction=LEG+DISTRICT+14+-+HOUSE&jurisdiction_type=Legislative (listing five candidates running and raising money for the two House seats in LD 14).

PLAINTIFFS' OPPOSITION TO                              3
INTERVENOR-DEFENDANTS'
MOTION TO EXPEDITE

August 2. *Id.* at 9. Here, Intervenors ask this Court to consider a request for similar relief during the *ongoing* candidate filing period that closes May 8 and a primary election scheduled for August 4, 2026. The Court's *Purcell* considerations in 2022 apply with greater effect today.[4]

Intervenors' proposed timeline—responsive briefing by May 7, judicial consideration on May 8—would require this Court to resolve an extraordinarily consequential motion on the final day of candidate filing within a timeframe that guarantees inadequate briefing and invites error.

Finally, Intervenors argue that expedition is justified because they contend that "Plaintiffs failed to prove that Washington's Prior Map violated Section 2 as required under the *Gingles-Callais* framework and that Remedial Map 3B was drawn with the express purpose of racial classification." Mot. at 3. It does not. Moreover, that argument also presupposes the answer to the very question their 60(b) Motion asks this Court to decide and assumes that Plaintiffs' federal rights are not also at issue here. As Plaintiffs will explain in their forthcoming opposition, the 60(b) Motion lacks merit—including its theory that Plaintiffs' Section 2 case is doomed under the new *Callais* factors—because the evidentiary record shows the opposite. Nor was the remedial map drawn with an unconstitutional racial purpose (a claim which was rejected at the Ninth Circuit and is currently pending at the U.S. Supreme Court on Intervenors' petition for certiorari). *Callais* did

---

[4] Nor does the Supreme Court's waiver of Supreme Court Rule 45.3 in *Callais* bear on the motion to expedite before this Court. Justice Alito's concurring opinion in that order expressed his view that there should be no delay in the issuance of judgment because the Supreme Court had now ruled on the constitutionality of the district in question. Here, Intervenors ask this Court to expedite consideration in the first instance of whether or not LD 14 is constitutional under the new *Callais* framework even though this Court lacks jurisdiction on account of the currently pending cert petition. The post-decision procedures in *Callais* are irrelevant. Moreover, the Appellants in that case are seeking to reverse the Court's waiver decision, as they are seeking reconsideration. *See, e.g.,* Appellants' Motion to Recall the Judgment, https://www.supremecourt.gov/DocketPDF/24/24-109/408042/20260505123100974_2025-05-05%20Motion%20to%20Recall%20Judgment%20FLAT.pdf.

PLAINTIFFS' OPPOSITION TO                                        4
INTERVENOR-DEFENDANTS'
MOTION TO EXPEDITE

not hold that every map drawn to comply with Section 2 is a racial gerrymander. Here, no district in Remedial Map 3B was drawn with the consideration of race, nor any racial target. Dkt. # 290 (Court's order adopting the remedial map describing remedial goals in general, non-racial terms). In fact, every remedial proposal Plaintiffs offered was drawn without consideration of race. Dkt. # 245-1 at ¶ 13 (Oskooii Report); Dkt. # 254-1 at ¶ 37 (Oskooii Rebuttal report); Dkt. # 297 at 29:4-8, 32:1-6 (Oskooii testimony at remedial hearing). And the State never contended that the remedial map fails to account for any of the State's redistricting interests.

For these reasons, Plaintiffs respectfully ask this Court to deny the motion to expedite.

Dated: May 5, 2026                                      Respectfully submitted,

                                                        By:*/s/ Annabelle E. Harless*

Edwardo Morfin                                          Annabelle E. Harless*
WSBA No. 47831                                          CAMPAIGN LEGAL CENTER
MORFIN LAW FIRM, PLLC                                   55 W. Monroe St., Ste. 1925
2602 N. Proctor Street, Suite 205                       Chicago, IL 60603
Tacoma, WA 98407                                        aharless@campaignlegal.org
Telephone: 509-380-9999

                                                        Mark P. Gaber*
Chad W. Dunn*                                           Simone Leeper*
Sonni Waknin*                                           Aseem Mulji*
UCLA VOTING RIGHTS PROJECT                              Benjamin Phillips*
3250 Public Affairs Building                            CAMPAIGN LEGAL CENTER
Los Angeles, CA 90095                                   1101 14th St. NW, Ste. 400
Telephone: 310-400-6019                                 Washington, DC 20005
Chad@uclavrp.org                                        mgaber@campaignlegal.org
Sonni@uclavrp.org                                       sleeper@campaignlegal.org
                                                        amulji@campaignlegal.org
Thomas A. Saenz*                                        bphillips@campaignlegal.org
Ernest Herrera*
MEXICAN AMERICAN LEGAL
DEFENSE & EDUCATIONAL FUND
643 S. Spring St., 11th Fl.
Los Angeles, CA 90014
Telephone: (213) 629-2512                               *Counsel for Plaintiffs*
tsaenz@maldef.org                                       *Admitted pro hac vice
eherrera@maldef.org

**CERTIFICATE OF SERVICE**

I certify that all counsel of record were served a copy of the foregoing this 5th day of May 2026, via the Court's CM/ECF system.

/s/ Annabelle E. Harless
Annabelle E. Harless
*Counsel for Plaintiffs*

PLAINTIFFS' OPPOSITION TO
INTERVENOR-DEFENDANTS'
MOTION TO EXPEDITE

6