The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

SUSAN SOTO PALMER et al.,

        *Plaintiffs*,

    v.

STEVEN HOBBS, in his official capacity as Secretary of State of Washington, et al.,

        *Defendants*,

    and

JOSE TREVINO et al.,

        *Intervenor-Defendants*.

Case No.: 3:22-cv-5035-RSL

INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

NOTE ON MOTION CALENDAR:
May 13, 2026

Within days following the Supreme Court's decision in *Louisiana v. Callais*, Nos. 24-109 & 24-110, 608 U.S. ___, 2026 WL 1153054 (Apr. 29, 2026), Intervenor-Defendants Jose Trevino and Alex Ybarra ("Movants") filed their Motion for Relief from Judgment Pursuant to Rule 60(b), Dkt. # 309 ("Motion"), seeking to vacate the Court's August 10, 2023 liability determination, Dkt. # 218, and March 15, 2024 remedial order, Dkt. # 290 ("Redistricting Orders"), and reinstate the Commission's 2021 legislative map ("Prior Map"). Plaintiffs and Defendants State of Washington and Secretary of State Steven Hobbs ("Non-Movants") oppose the relief Movants seek, primarily on election-timing grounds. Their arguments present no valid obstacle to vacatur of the Redistricting Orders or reinstatement of the Prior Map.

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

1

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

**ARGUMENT**

**I.    Non-Movants' Legal Arguments Do Not Compel Denial of Post-Judgment Relief**

**A.    Movants Are Entitled to Relief Under Rule 60(b)(5)**

The Secretary of State "takes no position" on whether Rule 60(b)(5) permits this Court to reinstate the Prior Map for this year's elections, Sec'y of State's Resp. 9, Dkt. # 313, while the State merely reincorporates its *Purcell*-related arguments in opposition (addressed separately in Part II *infra*), State's Resp. 11, Dkt. # 315. Neither Defendant's response objects to Movants substantive arguments regarding the Redistricting Orders incompatibility with *Callais*. *See* Sec'y of State's Resp. 1 (taking no position on applicability of *Callais*); State's Resp. 6, 11–12 ("[A]t some point this Court or the Ninth Circuit will need to apply *Callais* to this case."). Plaintiffs substantively respond regarding Rule 60(b)(5), but none of the Non-Movants address Movants' argument that "a court *must* modify an injunction if the law underlying it has been overruled, *without consideration of equitable factors*." *Planned Parenthood Monte Mar, Inc. v. Ford*, 349 F.R.D. 213, 224 (D. Nev. 2025) (emphases added); *see also California by & through Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 717 (9th Cir. 2020) ("[O]nce the legal basis for an injunction has been removed, such that the law now permits what was previously forbidden, it is an abuse of discretion to not modify the injunction."). As discussed in the Motion, the Court both forbade what *Callais* now permits (enjoining the use of the Prior Map, which did not violate § 2 properly applied) and required what *Callais* now forbids (ordering the use of Remedial Map 3B for race-based reasons absent a valid compelling justification). Thus, it would be an abuse of discretion not to vacate the Redistricting Orders, regardless of any equitable factors.

However, even if the Court determines that equitable factors should be considered, Plaintiffs' arguments still fall short. They first suggest that Movants lack standing, even though the Court has already permitted Movants to intervene in this case during both the liability and remedial phases. Furthermore, the Ninth Circuit held that Movant Trevino had standing to challenge its imposition of Remedial Map 3B, which was crafted explicitly to correct the supposed violation of § 2. *See Soto Palmer v. Hobbs*, 150 F.4th 1131, 1144−45 (9th Cir. 2025); Order re

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

2

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

Remedy 6, 6 n.7, Dkt. # 290; Pls. Resp. 2, Dkt. # 316 (acknowledging Movant Trevino's standing). Ruling in Movants' favor by vacating its order imposing Remedial Map 3B would mean the Court's liability determination was also incorrect and subject to *sua sponte* vacatur. *See Rapp v. Franklin Cnty.*, No. 4:19-cv-05150-SAB, 2022 WL 636420, at *6 (E.D. Wash. Feb. 18, 2022).

Plaintiffs next contend that the Redistricting Orders are consistent with *Callais*. Not so. The Court's earlier liability determination stumbles on the threshold requirement that "the evidence support[] a strong inference that the State *intentionally* drew its districts to afford minority voters less opportunity because of their race." *Callais*, 2026 WL 1153054, at *13 (emphasis added). As Plaintiffs themselves admit, the Court expressly declined to make that finding. *See* Pls.' Resp. 9 (quoting Mem. Decision 3, Dkt. # 218). Nor do purported "non-racial" objectives" salvage the imposition of Remedial Map 3B. *Id.* at 13. One of those supposedly "non-racial" objectives was "remedying the Voting Rights Act violation at issue," *Soto Palmer*, 150 F.4th at 1146, which expressly entailed consideration of race. Order re Remedy 6, 6 n.7. *Callais* has now made clear that § 2 offers no protection for otherwise unconstitutional consideration of race except in narrow circumstances (i.e., *proper* application of § 2), which Plaintiffs have heretofore failed to establish.

**B.    Movants Are Entitled to Relief Under Rule 60(b)(6)**

The State and Plaintiffs both acknowledge that whether a change in law constitutes "extraordinary circumstances" warranting Rule 60(b)(6) relief requires a "case-by-case inquiry." State's Resp. 11; Pls.' Resp. 9. As set forth in the Motion, the *Henson* factors weigh strongly in favor of finding the necessary extraordinary circumstances to vacate the Redistricting Orders. Intervenors' Mot. 9, Dkt. # 309. As the Supreme Court has warned, "it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the [unconstitutional redistricting] plan." *Reynolds v. Sims*, 377 U.S. 533, 585 (1964). The Court's Redistricting Orders prospectively control how the State conducts its elections and, without prompt relief, will be the cause of elections being held under an unconstitutional map. These are extraordinary circumstances indeed.

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

3

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

## II.    Non-Movants' Timing-Based Equitable Arguments Do Not Justify Allowing the Election to Proceed Under an Unconstitutional Legislative Map

Movants seek to vacate the Court's Redistricting Orders because they no longer have any basis in law after *Callais*. As the Ninth Circuit makes clear, "a broad, fact-intensive inquiry into whether altering an injunction is equitable" is not only unnecessary in that event but an abuse of discretion. *Becerra*, 978 F.3d at 715. Yet that is just what Non-Movants seek by invoking the *Purcell* principle, an equitable doctrine. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (discussing the need to weigh "considerations specific to election cases" including the risk of "conflicting orders" and "voter confusion"); *Reynolds*, 377 U.S. at 585 (withholding relief "when an impending election is imminent" is motivated by "equitable considerations"); *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 376 (9th Cir. 2016) (declining to interfere with imminent state elections rests on "equitable grounds"). Thus, the Court should grant the Motion without engaging in the equitable balancing inherent in a *Purcell* analysis.

Even applying *Purcell* however, the balance of interests weighs in favor of vacating the Redistricting Orders. "*Purcell* did not set forth a *per se* prohibition against enjoining voting laws on the eve of an election." *Feldman*, 843 F.3d at 368. Instead, it counsels courts to weigh potential disruption to the electoral process from changes shortly before an election against the costs of inaction. Here, that balance tips decisively *toward* relief.

Non-Movants warn that reinstating the Prior Map would present various logistical challenges. While reverting to the Prior Map would indisputably burden the State, some burden is "axiomatic . . . in voting-rights cases," making the relevant question "whether that burden is intolerable." *Robinson v. Ardoin*, 37 F.4th 208, 230 (5th Cir. 2022) (quoting *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring)). The Prior Map was used in Washington's 2022 elections, enabling election officials to largely revert to it rather than starting from scratch, hardly an intolerable burden at this stage.[1] While some deadlines have already passed, *see* Sec'y

---

[1] Although some precinct boundaries have changed since the Prior Map was used in 2022, not all precincts would need to be updated if the Motion is granted, and these limited updates would likely mean a shorter timeline for the affected counties to make adjustments compared to the promulgation of an entirely new legislative map.

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

4

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

of State's Resp. 2–3, these are not dispositive: "[i]f time presses too seriously, the District Court has the power appropriately to extend the time limitations imposed by state law[,]" *Sixty-Seventh Minn. State Senate v. Beens*, 406 U.S. 187, 201 n.11 (1972). The serious structural deadlines remain distant—the primary election is nearly three months away and the general election six months. That provides adequate margin for the various steps envisioned by Secretary Hobbs, even assuming that his conservative projections are truly as fast as Washington's highly competent election officials can proceed.

Meanwhile, *not* reinstating the Prior Map would irreparably harm voters in the affected districts by forcing them to cast ballots under a map that cannot withstand constitutional scrutiny and spend the next two years represented by legislators elected from unconstitutional districts. *See Robinson v. Ardoin*, 86 F.4th 574, 600 (5th Cir. 2023) (holding that voters suffered "irreparable harm" from elections being held under unlawful map); *Shaw v. Hunt*, 517 U.S. 899, 908 (1996) ("[A] racial classification causes 'fundamental injury' to the 'individual rights of a person.'" (citation omitted)). This is bolstered by the presumption that "once a State's legislative apportionment scheme has been found to be unconstitutional," courts will "tak[e] appropriate action to insure that no further elections are conducted under the invalid plan." *Reynolds*, 377 U.S. at 586.

While these important interests are themselves enough to outweigh the State's projected burdens, the Supreme Court's approach to pending redistricting cases since releasing its *Callais* decision—acting with urgency to ensure that unconstitutional maps are not used this election cycle—confirms that vacatur of the Redistricting Orders is proper here, even given the timing of Washington's 2026 election-related deadlines.[2] The Supreme Court released its *Callais* opinion

---

[2] Movants acknowledge that they themselves earlier relied on *Purcell* reasons when arguing against a change in legislative boundaries before 2022 election. But there are at least two critical differences. First, the issue then was whether to *supplant* a map enacted by the normal state law process with a brand-new map of Plaintiffs' design, whereas Movants here seek to *restore* a democratically-enacted map that was already used in a prior election cycle. This lessens both the administrative burden of implementation and the State's interest in the status quo. Second, the question in 2022 was whether Plaintiffs were likely to show that the Prior Map violated § 2, while today it is clear under *Callais* that Remedial Map 3B violates the constitution, a far more serious harm.

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

5

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

on April 29, holding that Louisiana's legislatively-enacted congressional map was unconstitutional and affirming the district court's injunction on its use that had been stayed pending appeal. *Callais*, 2026 WL 1153054. Although Louisiana's congressional primary elections were scheduled for May 16 and early voting was set to begin on May 2,[3] the Supreme Court nonetheless waived its Rule 45.3 and dispensed with the ordinary 32-day waiting period in order to issue its judgment "forthwith." *Callais v. Louisiana*, No. 25A1197, 608 U.S. ___, 2026 WL 1209010 (May 4, 2026). Justice Alito explained that "the need for prompt action by this Court is clear" and warned that delay would "require that the 2026 congressional elections in Louisiana be held under a map that has been held to be unconstitutional." *Id.* at *1 (Alito, J., concurring).

Then, this Monday, the Supreme Court granted motions to expedite in *Allen v. Caster*, No. 25-243, and its related cases, Nos. 25-273 and 25-274, and immediately vacated the district court's redistricting orders, remanded for further consideration in light of *Callais*, and ordered the "judgments [to] be issued forthwith pursuant to Rule 45.3." *Allen v. Caster*, 608 U.S. ___ (2026) (slip op. at 1). The Court took such action even though Alabama's congressional primary election is scheduled for *next Tuesday*. By vacating the district court's remedial map on the eve of a primary election, the Supreme Court demonstrates that refraining from conducting elections under clearly unlawful maps outweighs disruptions to those elections, even elections occurring much sooner than Washington's. It also suggests that *Purcell* concerns are diminished when the existing legislative maps were creations of federal judges rather than states.[4]

## CONCLUSION

For these reasons, the Court should (1) grant the Motion; (2) vacate both Redistricting Orders, thereby restoring the Prior Map; and (3) order such other relief to provide for legislative elections to be conducted under the Prior Map beginning with the 2026 election.

---

[3] *See* Press Release, La. Gov. Jeff Landry, Governor Jeff Landry Suspends Only U.S. House Primary Elections Following Supreme Court Ruling (Apr. 29, 2026), *available at* https://gov.louisiana.gov/news/5093.

[4] *See Merrill*, 142 S. Ct. at 881 n.3 (Kavanaugh, J., concurring) ("Correcting an erroneous lower court injunction of a state election law does not itself constitute a *Purcell* problem."); *Democratic Nat'l Comm. v. Wis. State Legis.*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring) (reading *Purcell* to limit challenges to a court-imposed change to election conditions would "def[y] common sense" and "turn *Purcell* on its head").

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

6

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

DATED this 13th day of May, 2026.

Respectfully submitted,

s/ Andrew R. Stokesbary
Andrew R. Stokesbary, WSBA No. 46097
CHALMERS, ADAMS, BACKER & WALLEN, LLC
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
T: (206) 813-9322
dstokesbary@chalmersadams.com

*I certify that this memorandum contains 2,087 words, in compliance with the Local Civil Rules

Jason B. Torchinsky (admitted *pro hac vice*)
Dallin B. Holt (admitted *pro hac vice*)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
T: (540) 341-8808
jtorchinsky@holtzmanvogel.com
dholt@holtzmanvogel.com

*Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

7

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Western District of Washington through the Court's CM/ECF System, which will serve a copy of this document upon all counsel of record.

DATED this 11th day of May, 2026.

Respectfully submitted,

*s/ Andrew R. Stokesbary*
Andrew R. Stokesbary, WSBA No. 46097

*Counsel for Intervenor-Defendants*

INTERVENOR-DEFENDANTS' REPLY
IN SUPPORT OF RULE 60(B) MOTION
No. 3:22-cv-5035-RSL

8

**Chalmers, Adams, Backer & Wallen, LLC**
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Phone: (206) 813-9322