The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN SOTO PALMER, *et al.*,

 *Plaintiffs*,

v.

STEVEN HOBBS, in his capacity as
Secretary of State of Washington, *et al.*,

 *Defendants*,

 and

JOSE TREVINO, *et al.*,

 *Intervenor-Defendants*.

NO. 22-cv-5035-RSL

ORDER DENYING INTERVENOR-
DEFENDANTS' MOTION FOR
RELIEF FROM JUDGMENT
PURSUANT TO FED. R. CIV. P.
60(b)

Before the Court is "Intervenor-Defendants' Motion for Relief from Judgment

pursuant to Fed. R. Civ. P. 60 (b)." Dkt. 309. Intervenor-Defendants Jose Trevino and Alex

Ybarra ("Intervenors") move under Federal Rules of Civil Procedure 60(b)(5), 60(b)(6), and

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 1

62.1 for relief from this Court's August 10, 2023 liability determination, Dkt. 218, and March 15, 2024 remedial order, Dkt. 290 (together, the "Redistricting Orders"), in light of the United States Supreme Court's decision in *Louisiana v. Callais*, No. 24-109, 608 U.S. ___ (2026), 2026 WL 1153054 (U.S. Apr. 29, 2026).[1] Plaintiffs Susan Soto Palmer, Faviola Lopez, Alberto Macias, Heliodora Morfin, and Caty Padilla ("Plaintiffs"), Defendant Secretary of State Steven Hobbs, and Defendant State of Washington each oppose the motion. Dkt. 313, 315, and 316. Having reviewed the motion, oppositions, and reply thereto, the record of the case, and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

Plaintiffs, a group of Latino voters from Washington's Yakima Valley, brought this action against the State of Washington and the Washington Secretary of State challenging the legislative district map adopted following the 2020 Census. Plaintiffs alleged that the configuration of Legislative District 15 diluted Latino voting strength and denied Latino voters an equal opportunity to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act. Intervenor-Defendants Jose Trevino, Ismael Campos, and Representative Alex Ybarra were permitted to intervene to oppose plaintiffs' Section 2

[1]Intervenor-Defendants concurrently filed a motion to expediate consideration of this motion. Dkt. 310.

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 2

claim. After a bench trial, the Court found that the challenged district boundaries, together with social, economic, and historical conditions in the Yakima Valley, resulted in unequal electoral opportunity for Latino voters. The Court entered judgment in plaintiffs' favor on their Section 2 claim and afforded the State an opportunity to adopt revised legislative district maps for the Yakima Valley region. Dkt. 218.

The State did not enact a remedial map within the time allowed. The Court therefore considered proposed remedial plans and, on March 15, 2024, adopted a court-drawn remedial map, referred to in the proceedings as Remedial Map 3B. Dkt. 290. The State accepted the remedial map and did not appeal. Intervenor-Defendants, however, appealed both the Court's Section 2 liability determination and the remedial order. The Ninth Circuit consolidated the appeals and, on August 27, 2025, issued a published decision. The Ninth Circuit held that this Court had jurisdiction over the statutory Voting Rights Act challenge without convening a three-judge court; that Intervenor-Defendants lacked Article III standing to appeal the Section 2 liability determination; and that they lacked standing to challenge the remedial map under Section 2. The Ninth Circuit further held that Intervenor Trevino had standing to pursue an equal protection challenge to the remedial map, but rejected that challenge on the merits, concluding that race was not the predominant factor in the Court's remedial map-drawing process. The Ninth Circuit therefore dismissed the

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 3

appeals in part for lack of jurisdiction and otherwise affirmed the remedial judgment. *See Soto Palmer v. Hobbs*, 150 F.4th 1131 (9th Cir. 2025).

Intervenors Trevino and Ybarra thereafter filed a petition for writ of certiorari in the United States Supreme Court, challenging the Ninth Circuit's standing and equal protection rulings. While that petition remains pending, Intervenors returned to this Court and filed the instant motion, seeking relief under Federal Rules of Civil Procedure 60(b)(5), 60(b)(6), and 62.1, relying on the Supreme Court's decision in *Callais*. Dkt. 309. Intervenors ask the Court to withdraw or vacate its August 10, 2023 liability determination and March 15, 2024 remedial order, and to reinstate the legislative map adopted following the 2020 Census by the Washington State Redistricting Commission ("the Commission"). Intervenors contend that the Commission's 2021 legislative map should replace Remedial Map 3B in light of the Supreme Court's decision in *Callais*.

Plaintiffs oppose the motion. They contend that Intervenors lack Article III standing to seek the requested relief because the Ninth Circuit has already held that Intervenors lack standing to challenge this Court's Section 2 liability determination, and they characterize the present motion as an attempt to circumvent that jurisdictional ruling. Plaintiffs further argue that *Purcell* forecloses any change to the legislative map during the ongoing 2026 election cycle. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (per curiam) (recognizing that court orders affecting elections close to election day can result in voter confusion and

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 4

election-administration difficulties). Plaintiffs also argue that Intervenors have not satisfied Rule 60(b)(5) or Rule 60(b)(6), and that this Court's liability and remedial orders remain valid even under *Callais*. Plaintiffs note that Intervenors' petition for writ of certiorari remains pending before the Supreme Court and argue that, to the extent any further action is warranted, the Court should await action by the Supreme Court.

Secretary of State Steven Hobbs takes no position on whether *Callais* affects the Court's prior liability or remedial orders. He strongly opposes, however, any order altering the legislative districts for the 2026 elections. Secretary Hobbs explains that the current legislative districts are already in use, that election officials and candidates have relied on those districts, that precinct-boundary and candidate-filing deadlines have passed, and that changing district lines at this stage would jeopardize the August 2026 primary, risk cascading effects for the general election, impose substantial burdens on state and county election officials, and cause significant voter confusion.

The State of Washington also opposes Intervenors' request for immediate Rule 60(b) relief. The State acknowledges that *Callais* substantially altered Section 2 law and anticipates that this Court or the Ninth Circuit may ultimately need to apply *Callais* to this case. But the State argues that relief should be denied now because Intervenors seek to change district boundaries less than three months before the August 2026 primary, after candidate filing has already closed, and because such relief would conflict with the *Purcell*

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 5

principle and risk serious disruption to the election. The State further argues that Intervenors have not satisfied Rule 60(b)(5) or Rule 60(b)(6), that the equities weigh against disturbing the current map during an active election cycle, and that the Supreme Court's anticipated consideration of Intervenors' pending certiorari petition counsels against this Court altering the judgment before the Supreme Court acts.

As a threshold matter, the Court concludes that Intervenors have not established Article III standing to seek the relief requested. It is well-settled that Article III standing is required at every stage of litigation, including when a party seeks post-judgment relief, because federal courts may adjudicate only actual cases or controversies. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 90–91 (2013) (standing required throughout "all stages" of litigation); *Horne v. Flores*, 557 U.S. 433, 445–46 (2009) (addressing whether state officials seeking Rule 60(b)(5) relief had standing before considering the merits of the motion).

This Court previously expressed substantial doubt that Intervenors had a direct, concrete, and legally protectable interest in the challenged legislative map. In granting permissive intervention, the Court rejected intervention as of right, explaining that "under Washington law, intervenors have no right or protectable interest in any particular redistricting plan or boundary lines," and that Intervenors had not alleged that "their right to vote or to be on the ballot will be impacted by this litigation." Dkt. 69 at 4–5. This Court further observed that Intervenors had not "identified any direct and concrete injury" likely

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 6

to result if plaintiffs' Section 2 claim succeeded, and that a generalized interest in the government's proper application of law "does not state an Article III case or controversy." *Id*. at 5 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)). This Court nevertheless permitted Intervenors to participate under Rule 24(b), finding that although they "lack[ed] a significant protectable interest," their legal positions opposing plaintiffs' Section 2 claim were relevant and likely to contribute to development of the record and adjudication of the issues. *Id*. at 10. That discretionary case-management ruling did not resolve whether Intervenors could independently invoke federal jurisdiction to obtain affirmative relief from the judgment.

The Ninth Circuit has now addressed Intervenors' Article III standing in relevant respects. It held that Intervenors lacked standing to appeal this Court's Section 2 liability determination and lacked standing to challenge the remedial map under Section 2. *Soto Palmer*, 150 F.4th at 1141–46. Although the Ninth Circuit concluded that Intervenor Trevino had standing to pursue an equal protection challenge to the remedial map, it rejected that challenge on the merits and affirmed the remedial order. *Id*. at 1146–55. Intervenors' present motion seeks, in substance, to undo the very liability and remedial rulings as to which the Ninth Circuit held they lacked Article III standing, and to obtain from this Court affirmative relief that the State itself has not sought. Rule 60(b) does not dispense with Article III's requirements. A party seeking relief from judgment must have standing to

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 7

invoke the Court's authority to grant that relief, and an intervenor's prior participation in the case—whether permissive or as of right—does not itself supply the required concrete stake. *See Horne*, 557 U.S. at 445–46 (considering whether Rule 60(b)(5) movants had standing before reaching the merits of their request for relief from judgment); *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) ("For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right."); *Diamond v. Charles*, 476 U.S. 54, 68 (1986) (holding that an intervenor's participation below, "whether permissive or as of right," does not itself confer Article III standing to continue litigation when the original party with standing does not do so).

To the extent Intervenor Trevino contends that the Ninth Circuit's recognition of his Article III standing to pursue an equal protection challenge to the remedial map also supplies standing for the relief now sought, the contention is unavailing. The Ninth Circuit's standing ruling as to Trevino rested specifically on his alleged racial-classification injury from being moved from Enacted LD 15 to Remedial LD 14, an injury cognizable only in the context of a racial-gerrymandering challenge to the remedial map. *Soto Palmer*, 150 F.4th at 1145-46. That injury supported one claim and one form of relief, and the Ninth Circuit rejected that claim on the merits, holding that race was not the predominant factor in the Court's remedial map-drawing process. *Id.* at 1146–50. The relief Intervenors now

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 8

seek—vacatur of this Court's Section 2 liability determination and reinstatement of the Commission's 2021 legislative map—is neither traceable to nor redressable by Trevino's racial-classification injury, and *Town of Chester* requires standing "for each form of relief" sought. 581 U.S. at 439. The Ninth Circuit's merits resolution of Trevino's equal protection claim is itself binding within this litigation, and Intervenors have not shown that *Callais* undermines the Ninth Circuit's case-specific holding that race did not predominate in this Court's remedial map-drawing process.

The pending petition for writ of certiorari does not alter that conclusion. Intervenors have asked the Supreme Court to review the Ninth Circuit's standing and equal protection holdings, but the filing of a certiorari petition does not vacate, suspend, or otherwise alter the binding effect of the Ninth Circuit's judgment. Unless and until the Supreme Court grants review and disturbs that judgment, the Ninth Circuit's Article III ruling is the law of the case and binds this Court on remand. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *see also United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (where the mandate has issued, the district court may not vary or examine the appellate court's mandate except to execute it).

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 9

Accordingly, because Intervenors have not established standing to seek vacatur or withdrawal of this Court's prior Section 2 liability and remedial orders, their motion (Dkt. 309) is HEREBY DENIED on that threshold basis.

DATED this 15th day of May 2026.

*MnT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING INTERVENOR-DEFENDANTS' MOTION FOR RELIEF
FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)

- 10